W. L. NEAL v. TEXAS EMPLOYERS' INSURANCE ASSOCIATION.

Application No. 16522.   Decided February 27, 1929.
(14 S. W., 2d Series, 793.)

*Scarborough & Wilson* and *B. L. Russell,* for plaintiff in error.

The recitation in an award by the Industrial Accident Board reciting the county in which the accident occurred is superfluous and immaterial, and is not an excuse for the insured company to fail to bring the suit in the proper county, to-wit, the county where the accident did occur.   Lumberman's Reciprocal Assn. v. Franklin, 286 S. W., 195; Lumberman's Reciprocal Assn. v. Turner, 296 S. W., 901; Mingus v. Wadley, 295 S. W., 1084; Security Union Casualty Co. v. Frederick, 295 S. W., 302; Tinkle v. Lumberman's Reciprocal Assn., 299 S. W., 285.

PER CURIAM:   The record in this case shows that the petition of the Texas Employers' Insurance Association to set aside the award in favor of the plaintiff in error Neal by the Industrial Accident Board was filed in the District Court of Reeves County on January 12, 1928, which was before the filing of the instant suit by Neal in the District Court of Callahan County to mature the award. This being so, the issues as to whether or not the accident occurred in Reeves County and as to the jurisdiction of the District Court of that county to entertain the suit filed by the Texas Employers' In-

surance Association are justiciable questions in the District Court of Reeves County, for the determination of which that court is one of dominant jurisdiction. Cleveland v. Ward, 116 Texas, 1.

The writ of error is accordingly refused.