Daniel **CURTIS**, Relator,

v.

Honorable Dan **GIBBS**, Judge, et al., Respondents.

No. B–4518.

Supreme Court of Texas.

May 22, 1974.

Hubbard, Patton, Peek, Haltom & Roberts, James N. Haltom, Texarkana, for relator.

Smith, Glaspy, Jones & Moss, Bill Glaspy, Mesquite, for respondents.

GREENHILL, Chief Justice.

In this original mandamus proceeding, we are called upon to settle a jurisdictional conflict between the 202nd District Court of Bowie County and the Third Domestic Relations Court of Dallas County. The conflict arises from a child custody dispute between the parents of Shawn Danelle Curtis and Shanna Michelle Curtis, ages 8 and 7, respectively. For simplification,

the Relator Daniel Curtis, the children's father, will be referred to as "the father," and the respondent, Jerri Curtis Spencer, as "the mother." The 202nd District Court of Bowie County will be called "the Bowie court," and the Third Domestic Relations Court of Dallas County will be called "the Dallas court." The judge of the Dallas court, the Honorable Dan Gibbs, is the principal respondent herein.

The background of the case will be set out later herein. The immediate reasons for the mandamus proceedings are these:

The father and mother were divorced by a judgment of the Bowie court in 1971, and the mother was awarded custody of the children; but she was not to remove the children from Bowie and an adjacent county without permission. The parents and the children all lived in Bowie County at that time.

On January 18, 1974, the father filed a petition for change of custody in the Bowie court. Subsequently, on February 15, 1974, the mother filed a petition in the Dallas court to remove restrictions on her custody of the children and to increase the father's child support payments.

Judge Guy Jones, Judge of the Bowie court, issued a writ of attachment ordering that the children, who were in Dallas with their mother, be returned to Bowie County. Judge Dan Gibbs of the Dallas court issued an order suspending the writ of attachment and forbidding the sheriff of Dallas County from executing it. The father thereupon filed his original petition in this court seeking writs of mandamus and prohibition directing Judge Gibbs to abate the mother's suit in Dallas County and to vacate orders interfering with the Bowie County proceeding. After the filing of the petition in this court, the father has presented his plea in abatement in the Dallas court, and Judge Gibbs has overruled it.

We conclude that the Bowie court first acquired jurisdiction of the controversy between the parties and therefore retained dominant jurisdiction to the exclusion of other courts. Judge Gibbs had no right to interfere with the actions or orders of Judge Jones, or to take any other action with respect to the suit filed in Dallas except to sustain the plea in abatement and to dismiss the suit.

In order to discuss adequately the contentions raised by the parties in this court, it will be necessary to set out the history of this litigation in some detail. As noted, the father and the mother were divorced in Bowie County in 1971. The decree gave the mother custody of the children, subject to the restriction that she must not remove them from Bowie County Texas, or Miller County, Arkansas, for a period longer than ten days without permission. In 1973, the mother filed a petition in the Bowie court seeking to expunge this restriction, but the petition was denied. No appeal was taken from that order.

In December of 1973, the mother, now remarried, determined to move to Dallas with her present husband. For reasons concerning which there is conflicting testimony, she left the children with the father in Bowie County. The father apparently believed that the mother intended to leave the children with him indefinitely.

On January 18, 1974, the father filed in Bowie County a suit to change custody, i. e., to obtain custody of the children. He did not immediately procure a citation in that suit; but on February 4, his counsel wrote to the mother requesting that she sign a waiver of citation.

On February 12, 1974, the mother took the children from the home of the father in Bowie County upon the representation that she was taking them for an overnight visit. In fact, she took them with her to Dallas and put them in school there. She has not since returned the children to the father, nor does she intend to do so.

This act precipitated a series of legal moves which has culminated in the present mandamus action. On February 13, 1974,

the father procured a citation to the mother in his pending Bowie County suit. The following day, February 14, 1974, Judge Jones of the Bowie court issued his writ of attachment commanding the return of the children to Bowie County.

On February 15, 1974, the mother filed a new suit in Dallas County, asking for unrestricted custody and for increased child support. Judge Gibbs of the Dallas court issued a temporary restraining order forbidding the father from removing the children from Dallas County, and setting a hearing on a temporary injunction for February 22.

On February 22, the father appeared in the Dallas court and filed a Motion to Transfer, a Motion to Change Venue, and a Motion to Dismiss. The last of these motions alleged pendency of the prior action in Bowie County, but it was not sworn to as required by Rule 93, Texas Rules of Civil Procedure.

After a hearing, Judge Gibbs issued a temporary injunction forbidding removal of the children from Dallas County and "suspending" the Bowie County writ of attachment "until this court can determine the status of this matter in relation to the case pending in Bowie County."

On March 12, Judge Jones in Bowie County issued another writ of attachment for the children. Judge Tate McCain, sitting in Judge Gibbs's court in Dallas, issued an order directing the sheriff of Dallas County to suspend any Bowie County writ of attachment pending further orders of Judge Gibbs.

On March 18, the father filed a proper plea in abatement in the Dallas court, setting up the pendency of the Bowie County proceeding. On March 19, he filed his petition for writs of prohibition and mandamus in this court. When the petition came on for submission, on March 27, it appeared that the plea in abatement was pending in Judge Gibbs's court. Accordingly, we directed Judge Gibbs to pass upon the plea in abatement. Judge Gibbs held a hearing on the plea in abatement; and, on April 2, he overruled it.

The question in this case is one of dominant jurisdiction. Both the Bowie court and the Dallas court have potential jurisdiction of the subject matter—child custody suits. Obviously, however, both courts cannot exercise this jurisdiction at the same time with respect to the same children without unseemly conflict.

█ Recognizing the need to commit the decision of all controversies that directly affect the welfare of particular children to a single court, the Legislature recently enacted Chapter 11 of the Texas Family Code, which provides that once a court acquires jurisdiction of "the parent-child relationship" with respect to a particular child, it has exclusive "continuing jurisdiction" of all suits affecting that relationship. Texas Family Code § 11.05.[1] Here, no court has "continuing jurisdiction." We assume the Legislature intended to use the phrase "continuing jurisdiction" in the same sense in which this court has heretofore used it in connection with child support orders, to mean that jurisdiction which continues after final judgment. See Boney v. Boney, 458 S.W.2d 907 (Tex. 1970).

Furthermore, the Act which adopted Chapter 11 of the Family Code has a transitional provision as follows:

"(b) Any action or suit commenced after January 1, 1974, that has as its object the modification of an order, judgment, or decree entered prior to January 1, 1974, but which under this Act would be a suit affecting the parent-child relationship, is governed by the provisions of this Act, and shall be treated as the commencement of a suit affecting the parent-child relationship in which no court

---

1. The statute is also carried as Vernon's Texas Code Annotated, Family Code § 11.05.

has continuing exclusive jurisdiction." Acts 1973, 63rd Leg., Reg.Sess., Ch. 543 § 4, page 1459.[2]

■ Under this provision, no court could have "continuing jurisdiction" based on its jurisdiction of any suit in which final judgment was entered prior to January 1, 1974. Both the Bowie County and the Dallas County proceedings are suits which, under the Family Code, would be suits affecting the parent-child relationship, and both seek to modify the 1971 divorce judgment. Hence, each of the suits before us is a new suit in which "no court has continuing exclusive jurisdiction," and priority as between the two proceedings must be determined in accordance with common law rules.

■ The general common law rule in Texas is that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063 (1926), Ex parte Lillard, 159 Tex. 18, 314 S.W.2d 800 (1958). Any subsequent suit involving the same parties and the same controversy must be dismissed if a party to that suit calls the second court's attention to the pendency of the prior suit by a plea in abatement. If the second court refuses to sustain a proper plea in abatement, or attempts to interfere with the prior action, this court has the power to act by mandamus or other appropriate writ to settle the conflict of jurisdictions. Cleveland v. Ward, *supra*; Wheeler v. Williams, 158 Tex. 383, 312 S.W.2d 221 (1958); Way & Way v. Coca-Cola Bottling Co., 119 Tex. 419, 29 S.W.2d 1067 (1930); Conn v. Campbell, 119 Tex. 82, 24 S.W.2d 813 (1930).

■ There is an exception to the rule of Cleveland v. Ward which the mother seeks to invoke in this case. It has been held that the plaintiff in the first suit may be guilty of such inequitable conduct as will estop him from relying on that suit to abate a subsequent proceeding brought by his adversary. V. D. Anderson Co. v. Young, 128 Tex. 631, 101 S.W.2d 798 (1937); Russell v. Taylor, 121 Tex. 450, 49 S.W.2d 733 (1932); Johnson v. Avery, 414 S.W.2d 441 (Tex.1966).

In those cases, answers were filed to the pleas in abatement in the subsequent proceedings alleging that the plaintiffs in the prior suits (1) had filed suit merely to obtain priority, without a bona fide intention to prosecute the suit, and (2) had prevented their adversaries from filing the subsequent suits more promptly by fraudulently representing that they would settle. This court held that those contentions alleged facts which, if established, would estop the plaintiff in the prior action from asserting his plea in abatement. The court in which subsequent suit was filed, having jurisdiction to pass on the plea in abatement addressed to it, had jurisdiction to determine the fact issues raised by the allegations of fraud. If that court overruled the plea in abatement, then it, the subsequent court, had dominant jurisdiction of the controversy unless and until its action in overruling the plea in abatement was reversed upon appeal.

■ The mother contends that V. D. Anderson Co. v. Young controls the present case. She argues that relator's delay of twenty-six days, from January 18 to February 13, between filing suit in Bowie County and procuring issuance of citation indicated bad faith which should estop the father from relying on that suit to abate the mother's subsequent suit in Dallas County. We disagree. It is true that this court has held that a plea in abatement might properly be overruled where the party asserting it had delayed unreasonably in procuring a citation. Reed v. Reed, 158 Tex. 298, 311 S.W.2d 628 (1958). There, however, the period of delay was nearly fifteen months, and the second suit

---

2. This provision is carried as a preamble to Title 2, in Vernon's Texas Family Code Annotated.

was filed and citation served therein before citation issued in the first suit. In the present case, the father waited only twenty-six days before procuring citation; and the evidence shows that, during that time, he attempted to obtain a waiver of service. Significantly, also, the mother did not file her suit during the period of delay. Even if the father had not filed the Bowie County suit until February 13, when he took out a citation, it would still have had priority over the mother's suit which was not filed until February 15.

V. D. Anderson Co. v. Young and its progeny depend upon the existence of an issue of fact in connection with the plea in abatement. We hold here, as a matter of law, that there was no want of diligence shown on the part of the father sufficient to raise an issue of estoppel so as to defeat his plea in abatement.

■ The mother further contends that the father waived his plea in abatement by the motions he filed in the Dallas court on February 22. We overrule this contention. The only issue raised in the father's motions, other than the pendency of a prior action, was that of venue. A plea of privilege contesting the venue did not waive a subsequent plea of prior action pending even when our rules required due order of pleading. Royal Petroleum Co. v. McCallum, 134 Tex. 543, 135 S.W.2d 958 (1940); Benson v. Fulmore, 269 S.W. 71 (Tex. Comm.App.1925, judgm't adopted).

■ The mother points out that the father's original petition in the Bowie County suit was filed under the docket number of the 1971 divorce action. We hold that the docket number is irrelevant. Under the pre-Family Code law, the courts had continuing jurisdiction after final judgment to modify child support orders, but not child custody orders. Mistakes in filing under the wrong docket number were frequent. In that context, we have treated a petition which sets forth a cause of action within the jurisdiction of the court in which it is filed as effective to commence a new suit even though it was erroneously filed as a motion to modify judgment in a previous cause. Boney v. Boney, 458 S.W.2d 907 (Tex.1970); Ex parte Lillard, 159 Tex. 18, 314 S.W.2d 800 (1958). We apply the same rule here.

■ The mother further asserts that venue properly lies in Dallas County under Texas Family Code § 11.04 because the legal residence of the children is in Dallas County where she now resides. This is also irrelevant. The Dallas court did not have jurisdiction to pass on the venue question in connection with a plea of prior action pending. The court which has dominant jurisdiction of the controversy, in this case the Bowie court, has exclusive jurisdiction to determine the venue question. Neal v. Texas Employers' Insurance Ass'n, 118 Tex. 236, 14 S.W.2d 793 (1929); Wheelis v. Wheelis, 226 S.W.2d 224 (Tex.Civ.App. 1950, no writ history). If the mother objects to the venue, her remedy is to file a motion to transfer in the Bowie court. Texas Family Code § 11.06(a).

We hold that the Bowie court has dominant jurisdiction of the parent-child relationship with respect to the children involved in this suit. It was the clear duty of Judge Gibbs to sustain the plea in abatement and to dismiss the mother's suit.

Accordingly, the following writs shall issue:

(1) A writ of prohibition directing Judge Gibbs to take no further action with respect to Cause No. 74–2063–DR/3, styled "In the Interest of Shawn Danelle Curtis and Shanna Michelle Curtis," pending in his court, except to dismiss the same, and

(2) a writ of mandamus directing Judge Gibbs to vacate any and all orders of his court which interfere with the exercise of the jurisdiction of the 202nd District Court of Bowie County in this matter.