**Paul Martin LUTES, Relator,**

v.

**Lucy Marshall Alexander LUTES et al., Respondents.**

**No. 1410.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 14, 1976.

E. W. Newman, Houston, for relator.

W. D. Masterson, Kilgore & Kilgore, Dallas, Melvin G. Bateman, Moore, Bateman & George, Athens, for respondents.

CIRE, Justice.

This is an original proceeding in which relator Paul Martin Lutes petitions this court to grant a writ of prohibition to prevent the 173rd District Court of Henderson County from taking any further action on a divorce case now pending in that court.

On August 29, 1975 Lucy M. Lutes filed suit in the Henderson County district court for divorce from relator and for managing conservatorship of their two children. Relator filed his suit for divorce and managing conservatorship in the Harris County Court of Domestic Relations on October 8, 1975. Lucy Lutes answered that suit by a plea of privilege to be sued in Henderson County, the county of her residence. Her plea of privilege was granted on January 12, 1976 and Paul Lutes appealed. The appeal from that order granting Mrs. Lutes' plea of privilege is now pending in this court.

On February 27, 1976 Paul Lutes filed his plea to the jurisdiction and plea in abatement in the Henderson County suit, which were denied by the Henderson County court on March 9, 1976. That case is now pending in Henderson County and has been set for trial on April 19, 1976.

Relator invokes the jurisdiction granted to this court by Tex.Rev.Civ.Stat.Ann. art. 1823 to issue such writs as are necessary to protect our jurisdiction of the appeal from the order of the Harris County Court of Domestic Relations now pending before us. He asks that we order no action be taken on the Henderson County suit pending our disposal of the appeal in the Harris County case.

Texas follows the rule that the court in which a suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts. *Curtis v. Gibbs,* 511 S.W.2d 263, 267 (Tex.Sup.1974). Under that rule the district court of Henderson County, being the court in which this suit was first filed, would have dominant jurisdiction, to the exclusion of the Harris County Court of Domestic Relations. If the Harris County court has no jurisdiction over the case, then we have no jurisdiction over the appeal, and we should dismiss the Harris County suit and deny relator's petition for a writ of prohibition.

The circumstances of this case prevent us from doing so. The Harris County Court of Domestic Relations has not acted without jurisdiction. As the second court, the Harris County Court of Domestic Relations was obligated to dismiss the suit filed there if the pendency of a prior identical suit has been called to its attention *by a proper plea in abatement.* As the second court, the Harris County Court also has jurisdiction of the case until it is presented with a proper plea in abatement, and has jurisdiction to rule on such plea in abatement. *Curtis v. Gibbs,* 511 S.W.2d at 267; *Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063, 1069, 1072 (1926). This has not been done.

Lucy Lutes' plea of privilege alleged that Henderson County was the county of her residence; that no exception existed to exclusive venue in that county; and that there was a prior suit pending in the 173rd District Court of Henderson County. Even if we were to construe this third allegation as constituting a proper plea in abatement, it could not have served to require dismissal of the second suit.

Rule 84 of the Texas Rules of Civil Procedure expressly requires that special

appearances and pleas of privilege are to be heard by the court before ruling on any further defensive matters. In this case the Harris County court has ruled on Mrs. Lutes' plea of privilege, and has made no further rulings. Therefore, even if Mrs. Lutes has presented her plea in abatement, it has not yet been ruled on by the Harris County court. The Harris County court retains jurisdiction until it rules favorably on a proper plea in abatement, and that point in the proceedings has not yet been reached.

■ Since the Harris County court had jurisdiction to rule on Mrs. Lutes' plea of privilege, the appeal from that ruling is properly before this court. Appellate jurisdiction having attached in this court, we must, under Article 1823, protect our jurisdiction by the issuance of an appropriate writ.

Relator's petition for a writ of prohibition is granted. Respondents Lucy M. Lutes and the Honorable Jack H. Holland, Judge of the 173rd District Court of Henderson County, are ordered to take no further action on any suit involving the parties and issues in the suit now pending in the Harris County Court of Domestic Relations, until this court renders judgment on the appeal of the plea of privilege.

Writ of prohibition granted.