**Kenneth Wayne VARNON, Appellant,**

v.

**Wanda Leih Monroe ATCHISON, Appellee.**

**No. 17942.**

Court of Civil Appeals of Texas, Fort Worth.

Feb. 2, 1978.

Rogers & Hammond and Kenneth W. Boyd, Cleburne, for appellant.

Blais & Broome, Fort Worth, for appellee.

### OPINION

MASSEY, Chief Justice.

Kenneth Wayne Varnon, Petitioner, brought suit against his divorced wife, Wanda Leih Atchison, Respondent, for a change of custody of their minor child, Gary Wayne. After having appeared and filed answer consisting of a general denial, at a date subsequent Respondent filed a motion to dismiss the Petitioner's suit.

Following a hearing by the court a decree dismissing the suit was entered and Petitioner appealed.

We reverse the judgment and remand the case to be reinstated on the docket of the trial court.

This case poses a situation where, after filing his suit in the proper court, and where, after jurisdiction over the Respondent as well as the subject matter involved was fully vested in the trial court, there was initiated action in a Louisiana court by relatives named Atchison. The Atchisons (step-grandparents of the parties' minor child, Gary Wayne) sued to obtain a decree awarding custody of such minor as a "neglected" child. The Atchisons, with cooperation of the Respondent, did obtain the decree sought and which purported to award to them custody of Gary Wayne.

After more than thirty days from entry of the Louisiana judgment, Respondent, armed with her authenticated copy of that judgment, moved that the trial court dismiss the Petitioner's suit for a change of custody. On the strength thereof Respondent persuaded the trial court to enter an order dismissing the Petitioner's suit.

According to Petitioner's allegations in his "Answer to Respondent's Motion to Dismiss" he filed his suit for change of custody on April 28, 1976 (and the transcript record shows that Respondent, Wanda Leih Atchison, filed her answer, consisting of a general denial, on June 8, 1976) and that it was after she was served with process in said case that the Louisiana suit was instituted; that, furthermore, he was not notified of the day on which he should appear or answer in the Louisiana case; and that the action in Louisiana by the Respondent and John Henry Atchison was fraudulently taken by them for the sole purpose of depriving him of his right to litigate his suit in Texas.

Furthermore from the allegations of Petitioner we may take as true his averments that it was in 1969, and prior to the enactment of Texas Family Code, that there was the adjudication by a Harrison County, Texas district court of a divorcement of the parties, and that as applied to their minor child, Gary Wayne Varnon, the Respondent was invested as "managing conservator" and Petitioner invested as "possessory conservator".

■ From the face of the record, and in view of the Supreme Court opinion in *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex.Sup. 1974), we must recognize that upon the filing, on April 28, 1976, of the suit now before us on the appeal for change of custody of the minor child involved the trial court became invested with the duty and obligation to exercise the exclusive "continuing jurisdiction" in the interest of the child. This is by the Supreme Court's interpretation of Texas Family Code, Title 2, "Parent and Child", Sub-Title A, "The Parent-Child Relationship and the Suit Affecting the Parent-Child Relationship", Chapter 11, "General Provisions", § 11.05, "Continuing Jurisdiction", effective in 1973 and amended in respect immaterial to our consideration in 1975.

It is therefore apparent that as of the time of the hearing upon the Respondent's motion to dismiss the suit for change of custody that the trial court was invested, under the Texas law, with the exclusive jurisdiction to hear and determine all matters relative to the welfare of the child as pertaining to Petitioner and Respondent. Under this state of affairs the court was presented with the accomplished fact that a Louisiana Court (presumably a court which could have had jurisdiction but for the pro-

visions of Texas Family Code—there having never been in the Texas court any request for notice to be taken that pertinent Louisiana law differs from the law in Texas) had entered at a time more than thirty days antecedent to the date of the hearing its judgment decree that (1) the minor, Gary Wayne Varnon, was a "neglected" child; (2) Petitioner and Respondent in this case, named in the decree, are deprived of custody of the child, with all parental rights terminated; and (3) legal custody and guardianship of the person of the minor child be granted to John Henry Atchison and Lillian Davidson Atchison, with the child committed to their permanent care, custody and control.

At the hearing of the motion to dismiss the suit, the court allowed entry into evidence on behalf of the Respondent the authenticated Louisiana judgment decree over Petitioner's objection that Respondent had not plead that the Louisiana Court was a court having general jurisdiction or having particular jurisdiction in the premises and had never requested that any notice be taken of Louisiana law that the particular court was a court of general jurisdiction.

The foregoing was proved by the Bill of Exception allowed by the court. Such Bill of Exception further states that upon having admitted the judgment of the Louisiana court "Respondent then requested that he be allowed to call witnesses to show that the Louisiana judgment was void. Respondent's request was denied and the Court entered Judgment . . . No Court Reporter was present. No witnesses were called to testify."

■ We have no doubt and here hold that the trial court erred in denying the Respondent's request that he be allowed to call witnesses to show that the Louisiana judgment was void. That such judgment was void would have been established by duly authenticated copies of the Louisiana petition of the Atchisons showing date the same was filed, if in fact it was filed after April 28, 1976 when Petitioner filed his suit in Texas, and thereby lodged in the trial court the exclusive jurisdiction to act. That

would have been the best evidence, but there was nothing to foreclose using the Respondent herself to perhaps prove the same matter, she being present, or it might have been proved by testimony of some other witness or witnesses. We need consider no other aspect of proof by which Petitioner might have proved the Louisiana judgment void.

■ We also hold, as by inference we have already stated, that the jurisdiction of the trial court continued to pertain whereby it was error to dismiss the suit of Petitioner. The court, in the absence of proof to the contrary, should have proceeded on the premise that there had been no suit concerning the Parent-Child Relationship involved filed between the effective date of the Texas Family Code and April 28, 1976 when Petitioner filed suit for change of custody. Here there was absence of proof to the contrary, as, for example, would have been proof by the Respondent in support of her motion to dismiss that the Louisiana suit was filed before April 28, 1976. As we view the burden incumbent upon the Respondent in this particular case, if she should establish her right to have the suit dismissed, it would have included the obligation to establish such as a fact as a requisite to proving that the Texas court had been deprived of jurisdiction.

Furthermore, it would not be necessary that the Petitioner join the Atchisons as parties to the Texas suit; recognizing, of course, that the Atchisons would be privileged to intervene in such suit should they so desire. The adjudication of the Petitioner's suit on the merits should proceed, and, there is no doubt that power lies in the trial court—in the event he should prevail—to make such a judgment effective. If it should be necessary earlier, or thereafter, to go into the Louisiana court which rendered judgment and seek a hearing for the purpose of any attempt to have its judgment set aside there is no doubt that by proper procedure there would be availability of hearing.

The judgment is reversed and caused remanded to the trial court for reinstatement on the docket of that court.