In re Linda ZUFLACHT, Individually, and Adoption Services Associates.

No. 06–04–00117–CV.

Court of Appeals of Texas, Texarkana.

Submitted Nov. 10, 2004.

Decided Nov. 12, 2004.

Alex Tyra, Law Office of Alex Tyra, Longview, for relator.

Ebb B. Mobley, John G. Troy Jr., Longview, for real party in interest.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice CARTER.

Relator, Linda Zuflacht, individually and in her capacity as director for Adoption Services Associates (ASA), has filed a petition for writ of mandamus to compel the Honorable Robin Sage, 307th Judicial District Court, Gregg County (the trial court) (1) to vacate its order of October 11, 2004, which denied Relator's pleas in abatement and plea to the trial court's jurisdiction; (2) to vacate the trial court's order to present the child for paternity testing; and (3) to dismiss the action filed by the real party in interest, Timothy Guy Summerfield. Finding that the 408th Judicial District Court of Bexar County has continuing, exclusive jurisdiction of this matter, we will conditionally grant Relator's request, pending the trial court's compliance with our ruling.

Following the filing of the mother's affidavit of voluntary relinquishment of parental rights to a licensed child-placing agency and an affidavit of the status of the child, the 408th Judicial District Court of Bexar County signed a decree terminating the parental rights of the mother and the child's father, found to be unknown in the 408th court's termination order. The termination order was signed June 2, 2004. The 408th Judicial District Court, Bexar County, named ASA as managing conservator of the child. The mother's affidavit of status stated that she was not married at the time the child was born and that she did not know the identity of the father. A publisher's affidavit shows that notice to the unknown father was published in Gregg County, where the real party in interest, Summerfield, filed an original suit affecting the parent-child relationship July 12, 2004, in the 307th Judicial District Court, Gregg County.

Following a hearing October 11, 2004, the 307th Judicial District Court, Gregg County, entered an order denying the ASA's request for continuance and pleas in abatement and plea to the jurisdiction, and deferring a ruling on ASA's motion to transfer the case to the 408th Judicial District of Bexar County. The 307th court further ordered the child to be produced for DNA paternity identification.

ASA filed this petition for writ of mandamus and a request for temporary orders. On October 20, 2004, this Court stayed the trial court's order for paternity identification testing and directed Summerfield to respond to ASA's requests for mandamus and for temporary orders.

The 408th Judicial District Court of Bexar County was vested with continuing, exclusive jurisdiction of this matter when the affidavit of voluntary relinquishment and the affidavit of the status of the child were filed. That court continued to assert its jurisdiction with issuance of the order of termination. See TEX. FAM.CODE ANN. § 155.001 (Vernon 2002); Cruz v. Scanlan, 682 S.W.2d 422, 423 (Tex.App.-Houston [1st Dist.] 1984, no writ) (district court acquired continuing, exclusive jurisdiction when the petition for termination and adoption were filed; the probate court's subsequent appointment of temporary guardian was ineffective).

Summerfield directs us to discrepancies in the child's date and time of birth, evidenced by the information contained in the birth certificate, by ASA's pleadings, and by the testimony of Zuflacht. Summerfield also claims that the mother's voluntary relinquishment affidavit does not show it was executed more than forty-eight hours after the child's birth. *See* Tex. Fam.Code Ann. § 161.103 (Vernon Supp.2004–2005). Summerfield alleges ASA is guilty of "perjurious statements" and misconduct, which estop that party from contesting any jurisdictional dispute. In support of this argument, Summerfield cites *Curtis v. Gibbs,* 511 S.W.2d 263 (Tex. 1974). *Curtis* involved a situation where the initial divorce order predated the Texas Family Code. Since there was no court of continuing jurisdiction before the pleadings which instituted the reported case, the Texas Supreme Court found that the first court in which pleadings were filed after January 1, 1974, was the court of dominant jurisdiction. *Id.* at 266–67. One of the purposes of the Texas Family Code was to avoid forum contests by establishing courts of continuing, exclusive jurisdiction.

More, importantly, however, we do not find, based on the record before us, there is sufficient evidence ASA is "guilty of such inequitable conduct as will estop [it] from relying on [the first filed suit, in the 408th] to abate a subsequent proceeding brought by [it] adversary," here, Summerfield's subsequent suit filed in Gregg County. *See id.* at 267. It is true that less than forty-eight hours would have elapsed between the child's date and time of birth as evidenced on the birth certificate and the date and time noted on the mother's affidavit of voluntary relinquishment. However, the record before us is not sufficient to establish that such inconsistencies are the type of inequitable con-duct as would estop ASA from proceeding in Bexar County.

Any discrepancy between the birth certificate and the mother's affidavits, or any other evidence which might be adduced regarding the merits of the case, do not involve the forum or venue. *Cf. Sweezy Constr., Inc. v. Murray,* 915 S.W.2d 527, 532 (Tex.App.-Corpus Christi 1995, orig. proceeding [mand. denied]) (allegations of misrepresentations between parties, even if going to the heart of the controversy, do not bear on the choice of forum). From the scant record before us, it appears ASA instigated a suit to terminate the parent-child relationships and place the child for adoption at a time when the child resided in Bexar County. None of the issues involved in the instant controversy bear on the initial choice of forum; yet the issues in both the Bexar County suit and the suit filed in Gregg County involve the same issues and parties.

It is clear that jurisdiction was established in the Bexar County District Court. Summerfield has failed to demonstrate that the conduct of the mother or relative estops ASA from proceeding in the Bexar County District Court. Based on the foregoing analysis, we conclude the 307th Judicial District Court in Gregg County was under a ministerial duty to dismiss Summerfield's action in favor of the 408th court in Bexar County. We conclude the trial court erred by failing to dismiss this proceeding, as a court of continuing, exclusive jurisdiction had been previously established. The petition for writ of mandamus is therefore conditionally granted. The writ will issue only if the trial court fails to take appropriate action in accordance with this opinion.