ACCEPTED
03-15-00017-CV
4250221
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/23/2015 3:14:33 PM
JEFFREY D. KYLE
CLERK

NO. 03-15-00017-CV

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
2/23/2015 3:14:33 PM
JEFFREY D. KYLE
Clerk

**Rose Ena Cantu,** *Appellant*
**v.**
**Southern Insurance Company and Steve Dollery,** *Appellees*

Appeal from the 21st Judicial District Court, Dallas County, Texas
Trial Court Cause No. 29,358
Hon. Carson Campbell, Presiding

**APPELLANT'S RESPONSE TO APPELLEES' MOTION FOR COSTS**

TO THE HONORABLE COURT OF APPEALS:

Appellant, Rose Ena Cantu, submits this Response to Appellees' Motion to Award Costs. Appellant has conferred with Appellees and been unable to reach an agreement on the instant Motion. Appellant would respectfully show this Honorable Court:

**Background**

1. Litigation between Rose Ena Cantu and Southern Insurance Company has occurred in the 21st District Court, the 193rd District Court, the 335th District Court, and in this Court. Trial courts have assigned some five different cause numbers to controversies

involving Mrs. Cantu and Insurance Company (one court assigned two due to a severance from its initial case), some of which also involve Adjuster. The first counterclaim appearing in Plaintiff's case file for litigation against Southern Insurance Company and Dollery following their severance from the original litigation in the 193rd District Court was Defendants' filing of February 4, 2015, denominated "Defendants Southern Insurance Company's and Steve Dollery's Second Amended Answer and Counterclaim". This filing was not part of the case file on December 10, 2014, when the Honorable Judge Carson Campbell granted Defendant Southern Insurance Company's and Steve Dollery's Plea in Abatement, Motion to Dismiss and Motion to Sever and signed an Order to that effect – dismissing all Ms. Cantu's claims. Two different lawyers examined the file, found no counterclaim in it, and agreed that the Order disposed of all claims and parties to the severed case. Appeal was taken.

2.      Exhibit A shows the contents of Plaintiff's file of the appealed case, which is a post-severance case originating in the 193rd District Court of Dallas County, Texas. Following Plaintiff's Original Petition (Cause No. DC-13-07869), Defendants Southern Insurance Company ("Insurance Company") and Steve Dollery ("Adjuster") filed an Answer on August 16, 2013. That Answer included no counterclaim. Ex. B. On November 5, 2013, the 193rd District Court entered an Order severing Cantu's claims from other plaintiffs' claims in that case. Ex. C. The Order required the severed case to be captioned *Rose Ena Cantu v. Southern Insurance Company and Steve Dollery*. Ex. C,

p.2. The 193rd District Court assigned *Rose Ena Cantu v. Southern Insurance Company and Steve Dollery* the cause number DC-14-10431. Although the 193rd District Court did not grant Insurance Company's or Adjuster's Motion to Transfer Venue, it *did* grant – following Insurance Company's and Adjuster's severance from their case, but before any action had been taken to correct or amend the caption in Cause No. DC-13-07869 – Allstate's and its adjusters' Motion to Transfer venue. That case was transferred to the 21st District Court in Bastrop, Texas, and assigned the cause number 29,358.

3. On February 4, 2015, Insurance Company and Appraiser served a Counterclaim on Ms. Cantu. See Exs. A and D. She was unaware of a prior counterclaim. Upon service of Insurance Company's and Adjuster's Motion seeking fees in this Court, counsel for Ms. Cantu reviewed movants' exhibits and realized for the first time that Adjuster had made a counterclaim against Ms. Cantu on November 17, 2014 in Cause No. 29,358 before the 21st District Court. When the filing served on Ms. Cantu originally, it had been filed with the materials in the Allstate case from which Insurance Company's case was severed by the 193rd District Court, and consequently not found with the materials in the case that included Insurance Company. Ex. C. There is now pending before the 21st District Court a Motion to Sever the claims dismissed in the Order of December 10, 2014; that Motion is set to be heard March 4, 2015. If granted, it would render the December 10, 2015 Order appealable.

4. An Unopposed Motion to Dismiss Appeal is currently pending before this Court.

**Governing Law**

5. Premature appellate filings are not *per se* abusive as intimated by Insurance Company and Adjuster. The Texas Rules of Appellate Procedure contain two provisions expressly addressing premature appellate filings. "In a civil case, a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal." Rule 27.1(a), Tex. R. App. P. Moreover, "[t]he appellate court may treat actions taken before an appealable order is signed as relating to an appeal of that order and give them effect as if they had been taken after the order was signed." Rule 27.2, Tex. R. App. P.

6. Appellants are free to request dismissal by Motion. Rule 42.1(a)(1), Tex. R. App. P. Since the dispute over fees is likely to require counsel to spend more time and expend more costs and require their clients to incur more fees than simply re-filing the inadvertently premature Notice of Appeal following the date the underlying matter becomes appealable, Ms. Cantu prefers to dismiss and later re-file this appeal than to waste her time and this Court's on a fee dispute simply to stand on Rules 27.1(a) and 27.2 to render her appeal timely.

## Conclusion and Prayer

7.      The Motion to Sever set on March 4, 2015, is likely to render appealable the Order subject to the instant appeal by severing the fully adjudicated claims from the pending claims. If not, this Court has the authority to abate this cause until the underlying Order becomes appealable. Appellant's premature Notice of Appeal was filed in the good-faith belief that the Order from which relief was sought was a final, appealable Order and that it disposed of all claims and all parties, and the Rules provide that this premature Notice of Appeal should be deemed filed as soon as the subject Order does, in fact, become appealable. However, in the interest of preventing unnecessary disputes, Appellant has voluntarily filed a Motion to Dismiss the instant appeal so that an appeal can be taken at a later time when it is unlikely to generate unnecessary, delaying, and cost-generating controversy unrelated to its merits. This Court should grant Appellant's Motion to Dismiss and deny Appellees' Motion.

WHEREFORE, PREMISES CONSIDERED, Appellant Rose Ena Cantu respectfully requests that this Court deny Appellants' Motion, and to grant her such other and further relief to which is may be justly entitled.

Respectfully submitted,

ROBERT L. COLLINS
Texas Bar No. 04618100
Audrey Guthrie
Texas Bar No. 24083116

P.O. Box 7726
Houston, TX  77270
Telephone: (713) 467-8884
Fax:  (713) 467-8883
E-mail:  HoustonLaw2@aol.com

CHRISTOPHER D. LEWIS
Texas Bar No. 24032546
1721 West T.C. Jester Blvd.
Houston, Texas 77008
E-mail: Lewis@Alumni.Duke.edu

**ATTORNEYS FOR APPELLANT,
ROSE ENA CANTU**

# CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word and contains 1210 words, as determined by the computer software's word-count function.

_____
Attorney for Rose Ena Cantu
Dated: February 23, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon the parties listed below through the Texas.gov Electronic Filing System of the Court of Appeals for the Fifth District of Texas and/or by e-mail on the 23rd day of February, 2015.

Mr. Eric S. Peabody
Ms. Catherine L. Hanna
Hanna & Plaut, L.L.P.
211 East Seventh Street
Suite 600
Austin, TX 78701

_____
**Robert L. Collins**

# Exhibit A

_2013-07-16 Original Petition

_2013-08-16 Southern & Dollery Original Answer FAX.pdf

_2013-09-23 Southern Ins Mot to Sever SCAN fr Lenahan.pdf

_2013-09-24 Defs Notice of Hearing-Sever FAX.pdf

_2013-09-24 Southern's Notice of Hearing-Sever FAX.pdf

_2013-09-27 Southern's Amended Nts of Hearing-Sever FAX.pdf

_2013-10-23 Plf's Resp to Southern's Mot to Sever and Abate

_2013-11-05 ORDER Severing Dollery and Southern.pdf

2013-11-05 ORDER on severance, with Cause No. DC-14-10431 in filestamp.pdf

2014-10-08 Plf Notice of Depo – Dollery_FINAL.doc

2014-10-10 Plf Notice of Depo – Dollery FINAL.doc

2014-10-16 Dollery MT Reconsider Abatement & Dismiss DRAFT FOR REVIEW.pdf

2014-10-16 Dollery MT Reconsider Abatement & Dismiss DRAFT FOR REVIEW.pdf

2014-10-16 Peabody ltr to clerk FILED.pdf

2014-10-16 Peabody ltr w-Original Petition FILED.pdf

2014-10-17 Dollery MT Reconsider Abatement & DismissFILED.pdf

2014-10-21 NOH on Dollery MT Abate-Dismiss FILED.pdf

2014-10-23 Amended NOH on Dollery MT Abate-Dismiss FILED.pdf

2014-11-05 Amended notice of Depo Dollery change to 2pm DRAFT.doc

2014-11-11 Defs' First Amended Plea in Abatement and Motion to Dism FAX.pdf

2014-11-11 Defs' First Amended Plea in Abatement and Motion to DismFILED.pdf

2014-11-11 Sec Amended Nts of Hrg on Defs' First Amended Plea in Abatement and Mot to Dismiss FAX.pdf

2014-11-12 Plf's Resp to Dollery's MF Recon of Abate & Def's MT Dismiss

2014-11-14 Defs' Reply to Plf's Resp Abatement and Dismiss FILED.pdf

2014-12-03 resp to motion to abate and sever

2014-12-10 Order Dismissing Southern & Dollary SIGNED.pdf

2015-02-04 Southern's & Dollery's 2nd Amended Answer and Counterclaim FILED.pdf

2015-02-13 Plfs Motion to Sever FILED.doc

2015-02-17 NoH on Plfs Motion to Sever FINAL.doc

# Exhibit B

CAUSE NO. DC-13-07869

| | | |
|---|---|---|
| ROSE ENA CANTU, ROBERTA GODWARD, GAIL SCHIAVONE-FRANKE, WILMA MAYES, ADELE AND DON THORNE, and ALEXIS AND WILLIAM CHRISAN, **Plaintiffs** | § § § § § § § § § | IN THE DISTRICT COURT |
| | § | 193rd JUDICIAL DISTRICT |
| vs. | § § | |
| TEXAS SOUTHERN INSURANCE COMPANY, ALLSTATE TEXAS LLOYD'S INC., STEVE DOLLERY, TY HARLAN FLETCHER, and JOSH RANDALL, **Defendants** | § § § § § § | DALLAS COUNTY, TEXAS |

## DEFENDANTS SOUTHERN INSURANCE COMPANY'S AND STEVE DOLLERY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Southern Insurance Company[1] and Steve Dollery and file this their Original Answer to Plaintiffs' Original Petition, and would respectfully show the Court the following:

## I.
## GENERAL DENIAL

Pursuant to TEX. R. CIV. P. 92, Defendants deny each and every, all and singular, the allegations set forth in Plaintiffs' Original Petition and demand strict proof thereof at the final trial of this case.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray that upon final hearing hereof, Plaintiffs takes nothing by their suit, that Defendants be discharged with their costs; and that Defendants have such other and further relief to which they may be justly entitled.

---

[1] Southern Insurance Company has been misnamed as Texas Southern Insurance Company.

Respectfully submitted,

HANNA & PLAUT, L.L.P.
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone:     (512) 472-7700
Facsimile:     (512) 472-0205

By: _____
         Catherine L. Hanna
         State Bar No. 08918280
         Eric S. Peabody
         State Bar No. 00789539
         Laura D. Tubbs
         State Bar No. 24052792

**ATTORNEYS FOR DEFENDANTS
SOUTHERN INSURANCE COMPANY
AND STEVE DOLLERY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded by facsimile on this the 16th day of August 2013 to:

*Via Facsimile:  713.467.8883*
Robert L. Collins
P.O. Box 7726
Houston, Texas 77270-7726
*Attorney for Plaintiffs*

*Via Facsimile:  713.467.8883*
Christopher D. Lewis
1721 West T.C. Jester Blvd.
Houston, Texas 77008
*Attorney for Plaintiffs*

*Via Facsimile:  214.295.2664*
Marc C. Lenahan
P. Wes Black
M. Nathan Barbera
Kathleen M. Kearney
Lenahan Law, P.L.L.C.
2655 Villa Creek, Suite 204
Dallas, Texas 75234
*Attorneys for Plaintiffs*

_____
Eric S. Peabody

---

Defendants Southern Insurance Company's and Steve Dollery's Original Answer          Page 2 of 2

# Exhibit C

CAUSE NO. DC-13-07869

| | | |
|---|---|---|
| ROSE ENA CANTU, ROBERTA GODWARD, GAIL SCHIAVONE-FRANKE, WILMA MAYES, ADELE AND DON THORNE, and ALEXIS AND WILLIAM CHRISAN, <br> Plaintiffs | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | IN THE DISTRICT COURT <br><br><br><br><br> 193rd JUDICIAL DISTRICT |
| vs. | § <br> § | |
| TEXAS SOUTHERN INSURANCE COMPANY, ALLSTATE TEXAS LLOYD'S INC., STEVE DOLLERY, TY HARLAN FLETCHER, and JOSH RANDALL, <br> Defendants | § <br> § <br> § <br> § <br> § <br> § | DALLAS COUNTY, TEXAS |

## ORDER REGARDING MOTION TO SEVER AND PLEA IN ABATEMENT

ON THIS DAY came on for consideration the Motion to Sever and Plea in Abatement of Defendants Southern Insurance Company and Steve Dollery, and this Court, having considered the motion and plea, the response, the reply, the evidence on file, and the arguments of counsel, finds that the motion and plea should be GRANTED in part and DENIED in part.

Accordingly, it is ORDERED, ADJUDGED, and DECREED that Southern Insurance Company's and Steve Dollery's Motion to Sever is GRANTED, and that all Plaintiff Rosa Ena Cantu's claims and causes of action against these Defendants are hereby severed from the claims and causes of action of the remaining plaintiffs against the remaining defendants and shall be docketed under a separate cause number *upon payment of the filing fee.* in accordance with local rule.

It is further ORDERED, ADJUDGED, and DECREED that Defendants' Plea in Abatement is GRANTED as to Southern Insurance Company, and that Plaintiff Cantu's claims and causes of action against Defendant Southern Insurance Company in the severed case are hereby abated.

It is further ORDERED, ADJUDGED, and DECREED that Defendants' Plea in Abatement is DENIED as to Defendant Steve Dollery in the severed case.

The Court directs the Clerk to file a copy of this order in both this case, Cause No. DC-13-07869, and the severed case, to be styled *Rose Ena Cantu v. Southern Insurance Company and Steve Dollery*, with the cause number to be assigned as per local rule.

SIGNED this 5ᵀᴴ day of November, 2013.

Carl Ginsberg

JUDGE PRESIDING

## ORIGINAL SIGNED BY JUDGE

# Exhibit D

## CAUSE NO. 29,358

| | | |
|---|---|---|
| ROSE ENA CANTU, ROBERTA | § | IN THE DISTRICT COURT |
| GODWARD, GAIL SCHIAVONE- | § | |
| FRANKE, WILMA MAYES, ADELE | § | |
| AND DON THORNE, and ALEXIS | § | |
| AND WILLIAM CHRISAN, | § | |
| Plaintiffs | § | |
| | § | |
| | § | |
| | § | 21st JUDICIAL DISTRICT |
| vs. | § | |
| | § | |
| TEXAS SOUTHERN INSURANCE | § | |
| COMPANY, ALLSTATE TEXAS | § | |
| LLOYD'S INC., STEVE DOLLERY, | § | |
| TY HARLAN FLETCHER, and | § | |
| JOSH RANDALL, | § | |
| Defendants | § | BASTROP COUNTY, TEXAS |

## DEFENDANTS SOUTHERN INSURANCE COMPANY'S AND STEVE DOLLERY'S SECOND AMENDED ANSWER AND COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Southern Insurance Company[1] and Steve Dollery and file this Second Amended Answer and Counterclaim to Plaintiffs' Original Petition and would respectfully show the Court the following:

## I.
## GENERAL DENIAL

Pursuant to TEX. R. CIV. P. 92, Defendants deny each and every, all and singular, the allegations set forth in Plaintiffs' Original Petition and demand strict proof thereof at the final trial of this case.

## II.
## PLEA IN ABATEMENT

This suit was transferred from Dallas District Court (Dallas Cause No. DC-13-07869). Before Plaintiffs filed this suit in Dallas, Southern had filed a declaratory action

---

[1] Southern Insurance Company has been misnamed as Texas Southern Insurance Company.

against Plaintiff Rose Ena Cantu in the 335th District Court of Bastrop County regarding her wildfire claim. *See* Cause No. 29,079; *Southern Insurance Company v. Rose Ena Cantu.* Because that suit was filed first, the 335th District Court acquired dominant jurisdiction over Cantu's claims against both Southern and Dollery. *See Wyatt v. Shaw,* 760 S.W.2d 247, 247-48 (Tex. 1988) ("When an inherent interrelation of the subject matter exists in two pending lawsuits, a plea in abatement in the second action must be granted. It is not required that the exact issues and all the parties be included in the first action before the second is filed, provided that the claim in the first suit may be amended to bring in all necessary and proper parties and issues."). Cantu never filed any counterclaims against Southern and did not join Dollery in the declaratory action. The Court should therefore grant the plea in abatement and dismiss Plaintiff Cantu's claims against Southern and Dollery. *See Curtis v. Gibbs,* 511 S.W.2d 263, 267 (Tex. 1974) ("Any subsequent suit involving the same parties and the same controversy must be dismissed if a party to that suit calls the second court's attention to the pendency of the prior suit by a plea in abatement.").[2]

## III.
## COUNTERCLAIMS

### Frivolous Claims under the Texas Insurance Code Claims and DTPA.

Defendants Southern and Dollery allege that Plaintiff Cantu's causes of action under the Texas Insurance Code and Consumer Protection–Deceptive Trade Practices Act are groundless, brought in bad faith, or brought for the purpose of harassment, so that Defendants are entitled to their attorneys' fees and court costs. *See* Tex. Ins. Code §

---

[2] Before the Dallas court transferred this cause, the court had ordered that Plaintiff Cantu's claims against Southern and Dollery be severed and that the claims against Southern be abated. Because Cantu never paid the fee to re-docket those claims and complete the severance, they were transferred with those of the other Plaintiffs to this Court.

541.153; Tex. Bus. & Com. Code § 17.50(c). Before Plaintiff Cantu filed her suit in Dallas, she had filed suit against Southern and Dollery in this Court. *See* Cause No. 28,370; *Rose Ena Cantu v. Southern Insurance Company and Steve A. Dollery*, In the 21st Judicial District Court, Bastrop County, Texas. Cantu never served Dollery in that case, even though it had been pending for approximately 18 months by the time Cantu nonsuited. Before the nonsuit, Cantu and Southern had engaged in appraisal, Southern had paid the appraisal award, and Southern had moved for summary judgment. Cantu nonsuited when her response to the motion for summary judgment was due. Because the appraisal negated Cantu's breach of contract and extra-contractual claims – including her Insurance Code and DTPA claims – reasserting these causes of action after the appraisal in a new suit and against a Defendant Cantu failed to serve rather than litigating the merits of those clams in the original suit demonstrates that they were brought in an attempt to manipulate venue and to harass. Because those claims were based on the alleged underpayment of her claim, which the appraisal award resolved, they were also groundless.

Cantu also fails to distinguish Dollery's conduct from Southern's alleged failure to properly investigate or pay the amount to which she asserts she was entitled, which forms the only basis for her Insurance Code and DTPA claims. *See* Petition ¶¶ 8a, 16-17. These allegations do not support any independent cause of action against Defendant Dollery, are groundless, and were bought in bad faith. Plaintiff Cantu also alleges that Defendants "misrepresented" coverage to her even though her claims involve only a dispute regarding the amount of loss. Plaintiff Cantu's extra-contractual Insurance Code and DTPA claims are without basis in either fact or law.

In connection with this counterclaim, Defendants seek monetary relief of $100,000 or less and non-monetary relief declaring that Plaintiff Cantu's causes of action under the Insurance Code and DTPA are groundless, brought in bad faith, or brought for the purposes of harassment.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully pray that upon final hearing hereof, Plaintiff Cantu take nothing by her suit, that Defendants be discharged with their costs; and that Defendants have such other and further relief to which they may be justly entitled.

Respectfully submitted,

HANNA & PLAUT, L.L.P.
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone:     (512) 472-7700
Facsimile:     (512) 472-0205

By: _____
        Catherine L. Hanna
        State Bar No. 08918280
        Eric S. Peabody
        State Bar No. 00789539
        Laura D. Tubbs
        State Bar No. 24052792

**ATTORNEYS FOR DEFENDANTS**
**SOUTHERN INSURANCE COMPANY**
**AND STEVE DOLLERY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded by e-service and/or facsimile on this the 4th day of February 2015 to:

*Via Facsimile: 713.467.8883*
Robert L. Collins
P.O. Box 7726
Houston, Texas 77270-7726
*Attorney for Plaintiffs*

*Via Facsimile: 713.467.8883*
Christopher D. Lewis
1721 West T.C. Jester Blvd.
Houston, Texas 77008
*Attorney for Plaintiffs*

*Via Facsimile: 512.708.8777*
Darrell S. Cockcroft
Thompson, Coe, Cousins & Irons, LLP
701 Brazos, Suite 1500
Austin, Texas 78701
*Attorneys for Allstate Texas Lloyds's, Inc.,*
*Steve Dollery, and Ty Harlan Fletcher*

*Via Facsimile: 214.295.2664*
Marc C. Lenahan
P. Wes Black
M. Nathan Barbera
Kathleen M. Kearney
Lenahan Law, P.L.L.C.
2655 Villa Creek, Suite 204
Dallas, Texas 75234
*Attorneys for Plaintiffs*



Eric S. Peabody