**AFFIRMED and Opinion Filed December 11, 2024**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00739-CV**

**TARA MCDANIEL, Appellant**
**V.**
**SOIREE COFFEE BAR, LLC, Appellee**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-07909**

# MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Carlyle
Opinion by Justice Carlyle

Tara McDaniel appeals the trial court's final judgment in favor of appellee

Soiree Coffee Bar, LLC on its claims against her for conversion, tortious interference

with contract, breach of contract, and breach of fiduciary duty. In a single issue on

appeal, McDaniel argues the trial court erred because it did not have jurisdiction

based on a similar suit she filed against Soiree's owners, Clive Ryan and Lafree

Ryan, in Tarrant County. We affirm in this memorandum opinion. *See* TEX. R. APP.

P. 47.4.

We briefly recount the parties' history. McDaniel was a part owner in Soiree. The Ryans owned the rest. McDaniel sued the Ryans in Tarrant County district court in March 2021. Soiree initiated this action against McDaniel in Dallas County district court in June 2021. McDaniel included in her answer to this action a "Motion to Transfer Venue," which the trial court denied in April 2022. Though not included in the appellate record, the docket sheet in the record indicates McDaniel filed a "Motion for Abatement" in July 2022.[1] The Tarrant County court granted the Ryans' motion for summary judgment, and the Ryans indicate the court entered a take nothing judgment against McDaniel in May 2023.[2] McDaniel filed a plea to the jurisdiction in this case in April 2023, urging that Tarrant County had dominant jurisdiction. The trial court denied that plea in June 2023, the day before entering final judgment against McDaniel.

In her notice of appeal, McDaniel challenges the trial court's denial of her April 2023 plea to the jurisdiction. Soiree responds in part that, because a plea in abatement is the proper method for drawing a court's attention to a dominant jurisdiction issue, McDaniel has failed to preserve the matter for our review. *See In re Puig*, 351 S.W.3d 301, 305 (Tex. 2011) (in mandamus case, "filing a dilatory plea

---

[1] We have not abated and requested a supplemental clerk's record containing this document because, even if McDaniel filed the improperly titled "motion" to abate, which is properly a plea in abatement, the record contains no order setting or disposing of it and this preserves nothing for our review. *See* TEX. R. CIV. P. 33.1, 85; *In re Puig*, 351 S.W.3d 301, 306 (Tex. 2011).

[2] Aside from Soiree providing a partial screenshot of the order granting summary judgment, the parties do not include documents from the Tarrant County case in this record. In any event, McDaniel does not contradict the procedural history of the Tarrant County case.

in abatement is the proper method for drawing a court's attention to another court's possible dominant jurisdiction").

As a general matter, we look to the substance of a motion to determine its nature, not to its title. *See Rivkin v. Elgalad*, No. 05-21-00551-CV, 2022 WL 2448087, at \*4 (Tex. App.—Dallas July 6, 2022, no pet.) (mem. op.) (citing TEX. R. CIV. P. 71, which addresses "[w]hen a party has mistakenly designated any plea or pleading"). In *Rivkin*, we analyzed whether a motion to transfer venue pursuant to Civil Practice & Remedies Code § 15.002 was, in substance, a motion to abate or transfer based on dominant jurisdiction. *Id.* We analyzed the document, including the title, first paragraph, argument and authorities, and prayer, as well as what counsel discussed at the hearing. In none of the above did the term or concept of "dominant jurisdiction" appear, and therefore, we concluded that the motion's substance was a § 15.002 motion to transfer venue for convenience, which "is not grounds for appeal or mandamus and is not reversible error." *Id.* at \*5.

McDaniel's pro se plea to the jurisdiction includes an issue statement in the first paragraph specifically claiming that Tarrant County "acquired dominant jurisdiction" and asking whether it was an abuse of discretion for the trial court to fail "to abate this case when the first filed doctrine clearly applies." The facts section recites the timing of the various Tarrant and Dallas county filings, as well as the similarity of claims in the two pieces of litigation. In the argument and authorities section, McDaniel provides a block quote setting forth the general dominant

–3–

jurisdiction principle. Though the analysis at times tails into venue and subject matter jurisdiction concepts, the last case McDaniel cites before the conclusion is *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988), a seminal dominant jurisdiction case. The conclusion begins with "Tarrant County acquired dominant jurisdiction in this matter," but the prayer requests that court "should dismiss Plaintiff's suit for lack of subject matter jurisdiction." There is no transcript of a hearing in the record. Overall, we conclude the substance of McDaniel's mistakenly designated plea to the jurisdiction is sufficiently that of a plea in abatement. *See Rivkin*, 2022 WL 2448087, at *5; TEX. R. CIV. P. 71.

Implicit, however, in the concept of dominant jurisdiction is that the same parties be involved. *See Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974). McDaniel argues that because the Ryans collectively own 60% of Soiree, her Tarrant County suit against only them in their personal capacity and not Soiree qualifies as first-filed for dominant jurisdiction purposes. We disagree. McDaniel is the only party common to the two lawsuits. The Dallas County case includes a party, Heritage Coffee Lounge, LLC, that does not appear in the Tarrant County suit.

Because dominant jurisdiction requires both suits to include the same parties, we affirm the trial court's judgment. *See id.*; *In re J.B. Hunt Transport, Inc.*, 492 S.W.3d 287, 294 & n.21 (Tex. 2016).

230739f.p05

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TARA MCDANIEL, Appellant

No. 05-23-00739-CV     V.

SOIREE COFFEE BAR, LLC,
Appellee

On Appeal from the 160th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-21-07909.
Opinion delivered by Justice Carlyle.
Justices Reichek and Nowell
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee SOIREE COFFEE BAR, LLC recover its costs of this appeal from appellant TARA MCDANIEL.

Judgment entered this 11th day of December, 2024.