**Robert ROBLES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0012–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 10, 1981.

Ronald N. Hayes, Houston, for appellant.

Ray Elvin Speece, Houston, for appellee.

Before EVANS, C. J., and DUGGAN and WARREN, JJ.

DUGGAN, Justice.

The appellant, a fifteen year old male at the time of the alleged offense, was certified as an adult, indicted and convicted of murder. His punishment was assessed by the jury at twenty years confinement in the Texas Department of Corrections. Although separately indicted, the appellant's case was consolidated for trial with that of his co-defendant, Paul Tommy Ojeda, who was also convicted. Only the appellant Robles is before us on this appeal, asserting two grounds of error. The sufficiency of the evidence is not questioned.

By his first ground of error, the appellant complains that the trial court erred in failing to grant his motion for severance. A careful review of the entire record fails to disclose any pre-trial motion for severance having been filed by the appellant, and his brief does not direct us to the location in the record of his alleged motion. The appellant's co-defendant, Ojeda, made an oral pre-trial motion for severance, which was denied. However, this motion was not in compliance with Article 36.09, V.A.C.C.P., since no evidence was offered as to the alleged prejudicial matters raised in the motion. Furthermore, there is nothing in the record to indicate that the appellant adopted or joined in his co-defendant's motion for severance.

During the voir dire examination of the jury panel, co-defendant Ojeda's counsel orally renewed his motion for severance, but the appellant's attorney specifically declined to join it.

The appellant's motion for new trial complains in its first paragraph of the trial court's failure to grant a motion for severance, but no evidence or argument or legal authorities were presented at the hearing on the motion for new trial, and it was overruled.

Article 36.09, V.A.C.C.P. states, in pertinent part, that:

Two or more defendants who are jointly or separately indicted . . . may be, in the discretion of the court, tried jointly or separately as to one or more defendants; . . . and provided further, that in cases in which, upon timely motion to sever, *and evidence introduced thereon*, it is made known to the court that . . . a joint trial would be prejudicial to any defendant, the court shall order a severance . . . (emphasis added).

█ With no motion for severance shown to have been timely filed, and with no proof of the alleged prejudice shown, the trial court did not err in overruling the motion for severance. *Beeson v. State*, 422 S.W.2d 726 (Tex.Cr.App.1967). No evidence was presented to support the motion for severance, as expressly required by Article 36.09, and no error is presented. *Robinson v. State*, 449 S.W.2d 239, 240 (Tex.Cr.App. 1969). The appellant's motion for new trial failed to introduce evidence of inconsistent defenses between the co-defendant and appellant, and presented nothing to show that the trial court's denial of severance prejudiced the appellant. Accordingly, no error is shown on appeal. *Bolding v. State*, 493 S.W.2d 186, 187 (Tex.Cr.App.1973). The appellant's first ground of error is overruled.

█ In his second ground of error, the appellant asserts that the trial court erred in failing to grant his motion for individual voir dire examination of the jury panel. As with the appellant's first ground of error, our thorough examination of the record does not reflect that the appellant made such a motion. Co-defendant's counsel did file such a motion and reurged it in open court, but the record does not reflect that the appellant joined in the motion. Co-defendant's counsel made an unsworn statement in support of his motion to the effect that there was considerable publicity concerning the case, insufficient to authorize a change of venue, but sufficient to cause a problem in the questioning of the prospective jurors. With no other evidence presented in support of the motion, the trial

court appropriately overruled it. During voir dire, when several prospective jurors responded to co-defendant's counsel's inquiry as to whether any one on the panel had heard about the facts of the instant case, the trial court and counsel for all parties took names and numbers of the responding veniremen, and called them to the bench individually for conferences out of the hearing of the other members of the panel. There is no indication that the trial court limited counsel for either co-defendant in questioning of any prospective jurors.

Article 35.17, V.A.C.C.P., states that:

1. When the court *in its discretion so directs*, except as provided in § 2, the State and defendant shall conduct a voir dire examination of prospective jurors in the presence of the entire panel. (emphasis added).

2. In a capital felony case . . . (the remainder provides for individual examination upon demand).

Article 35.17, clearly shows that panel or individual voir dire examination is a matter within the trial court's discretion in noncapital felony cases. The appellant has neither alleged nor argued abuse of this discretion. *Brown v. State*, 475 S.W.2d 938 (Tex. Cr.App.1971). Appellate review is limited to consideration only of abuse of such discretion. *Cook v. State*, 398 S.W.2d 284 (Tex.Cr.App.1965), cert. denied 384 U.S. 966, 86 S.Ct. 1599, 16 L.Ed.2d 678. No evidence was presented of pre-trial publicity or prejudice of such an extreme nature that denial of individual examination would amount to reversible error and denial of due process, even had such been alleged by the appellant on appeal. *Johnson v. State*, 467 S.W.2d 247 (Tex.Cr.App.1971). The appellant's second ground of error is overruled.

The judgment is affirmed.