**Allan Wesley CANADAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–91–155 CR.**

Court of Appeals of Texas, Beaumont.

April 28, 1993.

Steve Hebert, Steve Hebert and Associates, Baytown, for appellant.

Michael R. Little, Dist. Atty., Steve Greene, Asst. Dist. Atty., Liberty, for state.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

This appeal results from a conviction for the offense of Injury to a Child, a felony of the first degree. Appellant pleaded not guilty and was found to be guilty by a jury of his peers. Appellant elected to also have the jury assess punishment and on May 1, 1991, the jury assessed punishment against appellant at forty-five (45) years confinement in the Institutional Division of the Texas Department of Criminal Justice.

Factually, appellant was the boyfriend of co-defendant Jacqueline Spradlin. Co-defendant Spradlin was the mother of the victim, Sara Spradlin. Two friends were living with appellant and co-defendant on April 20, 1990. These two friends left for the weekend. Sara was in good health at the time the two friends left. When the friends returned, Sara had bruises on several places about her head. Sara became

ill, but neither appellant nor co-defendant took her to the doctor until April 30, 1990. On this date, little Sara stopped breathing and died. The medical examiner testified that the injuries to Sara's head caused her death and that such injuries were from seven to ten days old.

Appellant brings to this Court, five points of error contending that we should enter an order of acquittal or alternatively reverse the judgment of the trial court and remand the cause for a new trial. We accept neither suggested course of action and affirm the trial court's judgment.

■ Appellant's point of error one complains that the trial court erred in refusing appellant's request for a charge on lesser included offenses. Appellant requested a charge not only on the lesser offenses of recklessly or by criminal negligence causing serious bodily injury, but also for causing bodily injury under all culpable mental states. Appellant relies on *Alvarado v. State*, 704 S.W.2d 36 (Tex.Crim.App.1985), which holds that a conviction under TEX.PE-NAL CODE § 22.04 (Vernon Supp.1993), is proper only when it is shown that the Defendant intended the result of the serious bodily injury, and not merely by showing that the Defendant intended the act that resulted in serious bodily injury. We find, however, that appellant's use of *Alvarado* and his inclusion of the "intending the result vs. intending the act" argument is inapplicable to a complaint involving the trial court's failure to instruct the jury on lesser included offenses. Indeed, the transcript reflects that the trial court properly limited the abstract definitions of the terms "intentionally" and "knowingly" to the results of the criminal conduct charged. *See Alvarado, supra* at 38–40. This portion of appellant's first point of error is overruled.

■ With regard to appellant's lesser included offense complaint, the Court of Criminal Appeals has recently revised the longstanding two-prong test announced in *Royster v. State*.[1] In *Rousseau v. State*, 855 S.W.2d 666 (Tex.Crim.App.1993), the Court announced that hereafter the two-

prong test that must be met before a jury charge on a lesser included offense is to be given is: (1) the lesser included offense must be included within the proof necessary to establish the offense charged, and (2) some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense. *Id.* The Court in *Rousseau* further directed trial courts as follows:

> In applying the two-prong test [footnote omitted], the trial court should make a determination as to whether the evidence of the lesser offense would be sufficient for a jury rationally to find that the defendant is guilty only of that offense, and not the greater offense.

In the instant case, we find no error in the trial court's refusing appellant's request to submit any of the lesser included offense options to the jury. We find compelling the testimony of the four members of the Kerry Thompson household as well as the testimony of Amy Colley and Bob Dison. From the testimony of these six individuals, it is apparent that for at least the last two to three months of the victim's life, appellant subjected her to a variety of both physical and psychological abuse. Considering this and all of the other testimony in the case, we cannot say that the jury could have rationally found appellant guilty *only* of any of the lesser included offenses, *"and not the greater offense."* Point of error one is overruled.

■ Point of error two seeks acquittal because the evidence submitted to the jury was insufficient to support the verdict. We overrule this point of error.

The record is replete with evidence of appellant's hatred and abuse of little Sara Spradlin, who turned three years of age shortly before her death. Detailing testimony alluded to earlier, appellant referred to this little child as "freak" and "mongoloid freak of nature." Appellant threw this little innocent child ten feet across a room onto a bed. In the last few months of little Sara's life, witnesses saw appellant slap

---

1. 622 S.W.2d 442 (Tex.Crim.App.1981) (opinion on rehearing).

Sara in the face and spank her on numerous occasions, jerking her out of bed by her arm while she was still sleeping, sitting her up in bed while she was asleep so that sometime she would plop down and cry, hitting her on her side, and bathing her in a manner that Sara could be heard screaming amidst the sounds of something being hit. Appellant's own confession admitted to bruising little Sara when he spanked her, and to popping her on the head knocking her down. Other evidence revealed that when appellant would bathe this little child, her legs would be red from hot water. Screams could be heard from the bathroom during these bathing episodes and little Sara's hair would be all over the tub; the following day Sara's lips would be bruised and puffy and she would have dark circles under her eyes. Further evidence of appellant's hatred for little Sara was shown by his asking her if it was time for bed, but disallowing her to go to bed because appellant had not yet given her permission. Evidence revealed that appellant would occasionally lift little Sara off the ground by grabbing the hair of her head. These incidents led to the weekend of April 20–22, 1990, when Amy Colley and Bob Dison, live-in friends of appellant and co-defendant, left for the weekend. Both Amy and Bob testified that little Sara was in good health that Friday, but upon their return, they observed bruises on various areas of her head. Dison was told by both appellant and co-defendant that Sara was grounded. Amy Colley testified to Jacqueline Spradlin's statement that appellant had beaten Sara, such statement being overheard by Dison. Colley also testified that little Sara did not act well that week and that Sara needed medical attention. Colley talked to the co-defendant about getting medical attention for Sara. Dison testified that the day following this baby's death on April 30, 1990, the co-defendant, mother of little Sara, told him during a telephone conversation that she was not going to talk to the police. She also told Dison not to talk to the police and that she hated appellant because he had killed her baby.

Appellant claims that the evidence is circumstantial. Appellant ignores the co-defendant's testimony that on the weekend that Dison and Colley were gone, appellant spanked Sara and hit Sara on her temple.

The testimony of the medical examiner, Dr. Parungao, indicated that baby Sara had several injuries to her head that were the result of blunt trauma. The injuries were seven to ten days old and with such injuries the need for medical treatment would be evident because of her headaches, vomiting, and increased sleeping. Dr. Regina Kyles, emergency room director for Charter Regional Medical Center in Cleveland, Texas, testified that on the night of little Sara's death, appellant told this doctor that Sara's mother had decided that she did not want an autopsy.

Evidence of prior child abuse combined with other evidence can render circumstantial evidence sufficient to support a conviction of injury to a child. *Tezino v. State,* 765 S.W.2d 482, 485 (Tex.App.— Houston [1st Dist.] 1988, pet. ref'd). Prior child abuse coupled with evidence of failure to seek medical aid for a child when it is known to be needed, can support an inference that the injuries were intentionally inflicted as opposed to being the result of an accident. *Id.* Considering all of the evidence in the light most favorable to the verdict, we believe that any rational trier of fact could have found each of the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Point of error two is overruled.

Appellant's point of error three contends that the trial court erred in receiving prejudicial hearsay testimony over appellant's timely objection. Point of error three is overruled.

Appellant contends that witnesses were allowed to answer questions over hearsay objections based on the co-conspirator exception to the hearsay rule. Tex.R.Crim. Evid. 801(e)(1) & (2) sets forth statements which are not hearsay. Rule 801(e)(2)(E) reads "a statement by a co-conspirator of a party during the course and in the furtherance of the conspiracy." This exception to the hearsay rule is applicable to any of-

fense and is not limited to prosecutions for conspiracy.

■ The record before us clearly reflects that all parties and the trial court were under the impression that the admissibility of the "hearsay" testimony turned solely on the issue of whether or not the co-defendant, Jacqueline Spradlin, and appellant were co-conspirators. Neither party, either during the trial or on appeal, notes the fact that since Spradlin and appellant were being tried together some of the testimony containing hearsay as to appellant would otherwise be admissible as to Spradlin as an admission against *her* interest. Tex.R.Crim.Evid. 801(e)(2)(A) explicitly states that such evidence is not hearsay. What happens, therefore, when evidence is inadmissible as to one defendant but is admissible as to the other? Tex.R.Crim. Evid. 105(a) provides:

> (a) When evidence which is admissible as to one party or for one purpose but not admissible as to another party of for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly; but, in the absence of such request the court's action in admitting such evidence without limitation shall not be a ground for complaint on appeal.

■ Appellant's point of error four complains that the trial court's failure to make findings of fact and conclusions of law on appellant's confession constituted error.

Prior to the commencement of the evidence and outside the presence of the jury, the court in accordance with Tex.Code Crim. Proc.Ann. art. 38.22 (Vernon 1979 & Vernon Supp.1993), held a hearing to determine the voluntariness of appellant's written statement. Appellant contends that the trial court should have made findings of fact and conclusions of law regarding the voluntariness of appellant's statement. The record as originally submitted contains no such findings. Consequently, this appeal was abated and the cause remanded for the trial court to reduce to writing its findings of fact and conclusions of law. *See Wicker v. State*, 740 S.W.2d 779, 784 (Tex.Crim.App.1987), *cert. denied*, 485 U.S.

938, 108 S.Ct. 1117, 99 L.Ed.2d 278 (1988). Thereafter, a supplemental transcript was filed with this Court on April 12, 1993, said transcript containing very detailed findings of fact and conclusions of law. Since the trial court's findings of fact and conclusions of law have been supplemented into the record before us, any error has been cured and appellant is entitled to no further relief. *Lucas v. State*, 791 S.W.2d 35, 61 (Tex.Crim.App.1989). Point of error four is overruled.

■ Point of error five contends that the trial court erred in denying appellant's motion for severance. We hold that point of error five has not been properly preserved for review on this appeal.

Tex.Code Crim.Proc.Ann. art. 36.09 (Vernon 1981), requires that a timely motion to sever, and evidence in support thereof, be produced before requiring that a severance be granted. In this case appellant did not file a motion to sever, nor did appellant oppose the State's request for consolidation, which request was made over one month prior to trial. The only objection made by appellant was on the day trial was to begin. We do not believe that this complies with Article 36.09. *See Raspberry v. State*, 741 S.W.2d 191 (Tex.App.—Fort Worth 1987, pet. ref'd); *Robles v. State*, 627 S.W.2d 466 (Tex.App.—Houston [1st Dist.] 1981, no pet.). Point of error five is overruled.

The judgment of conviction and punishment is affirmed.

AFFIRMED.