

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-08-00108-CR
_____

KENNETH DOUGLAS CAPEHART, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 20,061-2008

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

OPINION

Kenneth Douglas Capehart was convicted of theft of $20,000.00 or more, but less than $100,000.00, enhanced. His sentence was imposed May 20, 2008. That same day, Capehart, acting pro se, filed a notice of appeal with the Wood County District Clerk, specifying that he wanted to appeal to the Twelfth Court of Appeals in Tyler.

On June 4, 2008, Capehart's appointed counsel, Troy Hornsby, filed a notice of appeal on Capehart's behalf in which he stated his desire to appeal the trial court's judgment to this Court.

Wood County, the county from which this appeal originated, lies in two different appellate districts. TEX. GOV'T CODE ANN. § 22.201(g), (m) (Vernon Supp. 2007). Appeals from Wood County may be taken either to the Sixth or the Twelfth Court of Appeals at the option of the appellant. *See Miles v. Ford Motor Co.*, 914 S.W.2d 135, 137 n.4 (Tex. 1995). Jurisdiction lies in the appellate court where the appeal is first perfected. *Id.* at 138.

Here, in the first-filed notice of appeal, Capehart designated the court to which he sought to appeal, the Twelfth Court of Appeals in Tyler. Consequently, the Wood County District Clerk forwarded the notice of appeal to that court of appeals. "The general common law rule in Texas is that 'the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts.'" *Id.*; *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974). Therefore, jurisdiction lies solely in the Twelfth Court of Appeals. *See Miles*, 914 S.W.2d at 138; *Curtis*, 511 S.W.2d at 267.

Because Capehart has already appealed to the Twelfth Court of Appeals, that court has dominant jurisdiction over this appeal. Capehart cannot also invoke the jurisdiction of this Court by filing a later notice of appeal directed to this Court.

This is a criminal case, with one appellant, and in this particular instance, the State has no right of appeal. Therefore, we find that the proper remedy, rather than abating the case in accordance with *Miles*, is to dismiss the appeal. Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

Jack Carter
Justice

Date Submitted:     June 25, 2008
Date Decided:      June 26, 2008

Publish