

## In The
## Court of Appeals
## Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00199-CR

_____

JAMMY COOPER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 36,727-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Jammy Cooper was convicted for the third-degree felony possession of a controlled substance. Cooper, acting pro se, filed a notice of appeal with the Gregg County District Clerk, who forwarded the appeal to the Twelfth Court of Appeals. Subsequently, Cooper's appointed attorney, unaware that the appeal had already been filed in the Twelfth Court of Appeals, filed a second notice of appeal on behalf of his client in this Court.

Cooper's attorney has now filed in both courts "Appellant's Motion for Administrative Dismissal of Appeal in the Twelfth Court of Appeals and Continuation of Appeal in the Sixth Court of Appeals." The Twelfth Court of Appeals has overruled the motion.

Gregg County, the county from which this appeal originated, lies in two different appellate districts. TEX. GOV'T CODE ANN. § 22.201(g), (m) (Vernon Supp. 2008). Appeals from Gregg County may be taken either to the Sixth or the Twelfth Court of Appeals at the option of the appellant. *Capehart v. State*, 257 S.W.3d 814, 815 (Tex. App.—Texarkana 2008, no pet.); *see Miles v. Ford Motor Co.*, 914 S.W.2d 135, 137 n.4 (Tex. 1995). Jurisdiction lies in the appellate court where the appeal is first perfected. *Capehart*, 257 S.W.3d at 815; *see Miles*, 914 S.W.2d at 138.

Here, in the first-filed notice of appeal, the Gregg County District Clerk forwarded the notice of appeal to the Twelfth Court of Appeals. "The general common law rule in Texas is that 'the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts.'" *Capehart*, 257 S.W.3d at 815; *see Miles*, 915 S.W.2d at 138; *Curtis v. Gibbs*, 511 S.W.2d 263, 267

2

(Tex. 1974). Therefore, jurisdiction lies solely in the Twelfth Court of Appeals. *See Capehart*, 257 S.W.3d at 815; *see also Miles*, 914 S.W.2d at 138; *Curtis*, 511 S.W.2d at 267.

Because Cooper has already appealed to the Twelfth Court of Appeals, that court has dominant jurisdiction over this appeal. Cooper cannot also invoke the jurisdiction of this Court by filing a later notice of appeal directed to this Court.

This is a criminal case, with one appellant, and in this particular instance, the State has no right of appeal. Therefore, we find that the proper remedy, rather than abating the case in accordance with *Miles*, is to dismiss the appeal. Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

Josh R. Morriss, III
Chief Justice

Date Submitted:     November 25, 2008
Date Decided:      November 26, 2008

Do Not Publish