# NO. 12-08-00266-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TONY MARTIN CALER,*<br>*APPELLANT* | § | *APPEAL FROM THE 402ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *WOOD COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant Tony Martin Caler was convicted of failure to appear. His sentence was imposed on April 23, 2008. That same day, Appellant, acting pro se, filed a notice of appeal with the Wood County District Clerk, specifying that he wanted to appeal to the Sixth Court of Appeals in Texarkana. On May 8, 2008, Appellant's appointed counsel filed a notice of appeal on Appellant's behalf in which he stated Appellant's desire to appeal the trial court's judgment to this court.

Wood County, the county from which this appeal originated, lies in two different appellate districts. TEX. GOV'T CODE ANN. § 22.201(g), (m) (Vernon Supp.2008). Appeals from Wood County may be taken either to the Sixth or the Twelfth Court of Appeals. *Id.* Because there is no procedure for allocating appeals between these two courts, an appellant is free to elect either court. *See Miles v. Ford Motor Co.*, 914 S.W.2d 135, 138 (Tex.1995). Jurisdiction lies in the appellate court where the appeal is first perfected. *Id.*

Here, in the first filed notice of appeal, Appellant designated the court to which he sought to appeal as the Sixth Court of Appeals in Texarkana. "The general common law rule in Texas is that 'the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts.'" *Id.*; *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex.1974). Therefore, jurisdiction lies solely in the Sixth Court of Appeals. *See Miles*, 914 S.W.2d at 138; *Curtis*, 511 S.W.2d at 267.

Because Appellant has already appealed to the Sixth Court of Appeals, that court has dominant jurisdiction over this appeal. Appellant cannot also invoke the jurisdiction of this court by filing a later notice of appeal directed to this court.

This is a criminal case, with one appellant, and in this particular instance, the State has no right of appeal. Therefore, we conclude that the proper remedy, rather than abating the case in accordance with *Miles*, is to dismiss the appeal. *See Capehart v. State*, 257 S.W.3d 814, 815-16 (Tex. App.–Texarkana 2008, no pet.). Accordingly, we *dismiss* this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).


                    **BRIAN HOYLE**
                        Justice


Opinion delivered May 13, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, j.*


(DO NOT PUBLISH)


2