NO. 12-08-00266-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




TONY MARTIN CALER,
§
 APPEAL FROM THE 402ND

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 WOOD COUNTY, TEXAS






MEMORANDUM OPINION


 Appellant Tony Martin Caler was convicted of failure to appear. His sentence was imposed
on April 23, 2008. That same day, Appellant, acting pro se, filed a notice of appeal with the Wood
County District Clerk, specifying that he wanted to appeal to the Sixth Court of Appeals in
Texarkana. On May 8, 2008, Appellant's appointed counsel filed a notice of appeal on Appellant's
behalf in which he stated Appellant's desire to appeal the trial court's judgment to this court.

 Wood County, the county from which this appeal originated, lies in two different appellate
districts. Tex. Gov't Code Ann. § 22.201(g), (m) (Vernon Supp.2008). Appeals from Wood
County may be taken either to the Sixth or the Twelfth Court of Appeals. Id. Because there is no
procedure for allocating appeals between these two courts, an appellant is free to elect either court. 
See Miles v. Ford Motor Co., 914 S.W.2d 135, 138 (Tex.1995). Jurisdiction lies in the appellate
court where the appeal is first perfected. Id. 

 Here, in the first filed notice of appeal, Appellant designated the court to which he sought
to appeal as the Sixth Court of Appeals in Texarkana. "The general common law rule in Texas is
that 'the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other
coordinate courts.'" Id.; Curtis v. Gibbs, 511 S.W.2d 263, 267 (Tex.1974). Therefore, jurisdiction
lies solely in the Sixth Court of Appeals. See Miles, 914 S.W.2d at 138; Curtis, 511 S.W.2d at 267.

Because Appellant has already appealed to the Sixth Court of Appeals, that court has dominant
jurisdiction over this appeal. Appellant cannot also invoke the jurisdiction of this court by filing a
later notice of appeal directed to this court.

 This is a criminal case, with one appellant, and in this particular instance, the State has no
right of appeal. Therefore, we conclude that the proper remedy, rather than abating the case in
accordance with Miles, is to dismiss the appeal. See Capehart v. State, 257 S.W.3d 814, 815-16
(Tex. App.-Texarkana 2008, no pet.). Accordingly, we dismiss this appeal for want of jurisdiction. 
See Tex. R. App. P. 42.3(a).


 BRIAN HOYLE 

 Justice



Opinion delivered May 13, 2009.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, j.









 





(DO NOT PUBLISH)