**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00382-CV**
**NO. 09-21-00383-CV**

_____

**REMA CHARLES WOLF AND ABRAHAM WOLF, Appellants**

**V.**

**RONNIE MICKENS, DEBORAH VERRET, AND DARLENE THOMAS PIERRE, Appellees**

---

**On Appeal from the 136th District Court**
**Jefferson County, Texas**
**Trial Cause Nos. D-206,579 and B-206,580**

---

**MEMORANDUM OPINION**

In an interlocutory appeal, Rema Charles Wolf and Abraham Wolf ("Plaintiffs" or collectively "Wolf") appeal from the trial court's order granting Ronnie Mickens, Deborah Verret, and Darlene Thomas Pierre's (the Employees) Plea to the Jurisdiction under the Texas Tort Claims Act (TTCA) section 101.106(f). *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 51.014(a)(8); 101.106(f). Following a

1

hearing, the trial court concluded that the Employees were entitled to governmental immunity under the TTCA. *Id.* § 101.106(f).

In several issues on appeal, Wolf challenges the trial court's dismissal, arguing that the Employees committed ultra vires acts that fall outside the TTCA's immunity; there are fact issues as to whether the actions of the Employees are within the scope of their employment as required by section 101.106(f); and the trial court failed to rule on all her claims. We affirm in part and reverse and remand in part.

## Background

On November 13, 2020, Wolf filed two pro se Original Petitions in the 136th District Court of Jefferson County and the 60th District Court, against Mickens, Verret and Pierre, employees with the City of Port Arthur, Texas in two separate cause numbers, B-206,850 and D-206,579.[1] Among several issues, Wolf complained about "fraud[,]" arguing that the Employees prevented her from repairing a hurricane-damaged commercial building she bought at a sheriff's auction. Wolf alleged that Mickens and Verret promised to provide permits for her to repair her building, with no intention of issuing permits, and ultimately attempted to get

---

[1] Prior to judgment, the trial court consolidated Cause Number B-206,580, *Rema Charles Wolf v. Darlene Thomas Pierre*, which was originally assigned to the 60th District Court, into Trial Cause Number D-206,579, *Rema Charles Wolf v. Ronnie Mickens and Deborah Verret*, the first-filed case assigned to the 136th District Court. The presiding judge of the 136th District Court signed a single judgment that disposed of both Cause Number D-206,579 and Cause Number B-206,580. Wolf challenges this consolidation on appeal.

"bribery money" from her. Wolf contends that after the Employees did not receive the alleged bribery money, the Construction Board of Adjustments and Appeals (the Board) conducted a hearing. Both the Employees and Wolf spoke at the hearing. Following the hearing, the Board determined the building should be demolished. Several months later, the City of Port Arthur demolished her building.

In her petitions, Wolf alleged that because the Employees "took Plaintiff's constitutional right away and illegally took, damage[d], and destroyed Plaintiff's property under Article 1 Section 17[]" of the Texas Constitution, she is seeking damages of at least $1,500,000. She also alleged that the Employees harassed her, and that their actions consisted of intentional infliction of emotional distress; she requested a judgment against the Employees for "the full amount of her damages[]" including court costs, and pre- and post-judgment interest, and "such other and further relief, special and general, at law and in equity, to which Plaintiff may show herself justly entitled."

The Employees filed a Plea to the Jurisdiction/Motion to Dismiss – TCPRC 101.106(f), Motion to Consolidate, Original Answer and Affirmative Defenses, arguing that the Employees were entitled to dismissal of this suit because, under the TTCA 101.106(f), a suit filed against an employee of a governmental unit, based on conduct within the general scope of the employee's employment, which could have been brought against the governmental unit, is considered to be against the employee

3

in the employee's official capacity and shall be dismissed upon motion of the employee. The Employees attached documents and correspondence sent to Wolf regarding the condition of the building. These documents stated that the building was deemed "unsafe and represents a threat to public health, safety and welfare[]" and was scheduled for demolition. The Employees also attached an Order Granting Defendant's Plea to the Jurisdiction and Motions for Summary Judgment in Cause number D-202,920, in which Wolf sued the City of Port Arthur for damages from the demolition of the same building.[2] The Employees argued that Plaintiffs' pleadings were insufficient on their face to establish any waiver of governmental or sovereign immunity by the City to allow the Employees to be sued in their individual capacity. The Employees also alleged that, because the official capacity claim is a claim against the City of Port Arthur and all of Plaintiffs' allegations involve intentional torts, the claims are barred by governmental immunity, which immunity has not been waived. Therefore, according to the Employees, there is a lack of subject matter jurisdiction over those claims.

---

[2] Wolf had previously brought suits against the City of Port Arthur for demolishing this building and we affirmed the judgments dismissing Wolf's claims. *See Wolf v. City of Port Arthur*, No. 09-20-00236-CV, 2022 WL 2068819 (Tex. App.—Beaumont June 9, 2022, pet. denied) (mem. op.) (Wolf I); *Wolf v. City of Port Arthur*, No. 09-21-00371-CV, 2023 WL 2802254 (Tex. App.—Beaumont Apr. 6, 2023, no pet.) (mem. op.).

In August 2021, an attorney filed a notice that he was representing the Plaintiffs in the suit. On November 3, 2021, in a reply to the Employees' Amended Plea to the Jurisdiction, Wolf's attorney filed a response to the defendants' amended pleas to the jurisdiction and motion to dismiss, arguing that Wolf's building was "taken and destroyed [f]or or applied to public use[,]" without adequate compensation. On the same day, Wolf's attorney filed an amended petition, in which he alleged that Mickens told her "…that a permit would be granted to repair the Proctor Street property in exchange of a payment of $25,000.00." The amended petition also alleges that Verrett and Pierre "knew about this offer and insisted on its payment."

In the amended petition, Wolf alleged that because she viewed the demand as a bribe, she declined to pay it, and after that, the defendants "refused to give [Wolf] a permit and [her] property was demolished by the City[.]" Wolf's amended petition includes a claim of fraud and describes the money that the defendants demanded as "bribery money." She again alleged fraud and argued that the Employees attempted to solicit bribes from her. Wolf contended that when the alleged bribery attempt failed, the Employees "went and granted money from the City to pay the contractor to demolish the building." According to Wolf, the Employees' unlawful actions were the proximate cause of her damages and constituted a taking of Wolf's property in violation of Article 1, Section 17 of the Texas Constitution. Along with her request

5

for actual and exemplary damages, Wolf requested declaratory relief under the Uniform Declaratory Judgment Act.

The following day, the Employees filed a Supplemental Plea to the Jurisdiction/Motion to Dismiss – TCPRC 101.106(f), arguing that there was no "ultra vires waiver of immunity[,]" and that Wolf's assertions in her amended petition, alleging ultra vires acts by the Employees, do not "establish waiver of sovereign/governmental immunity through the ultra vires exception." The Employees again asserted the trial court lacked subject matter jurisdiction over Wolf's Article I, Section 17 claim because the claim was barred by governmental immunity and the immunity of the Employees had not been waived.

After a hearing on November 10, 2021, the District Court granted the Employees' Plea to the Jurisdiction/Motion to Dismiss – TCPRC 101.106(f). Appellants filed this appeal. We address the issues raised on appeal but consider them as part of three categories: the consolidation of both cases; the trial court's ruling on the Texas Tort Claims Act "ultra vires" claims; and the trial court's ruling relating to the alleged claims under the Texas Constitution, Article 1, Section 17.

**Consolidation**

We begin with Wolf's challenge to the trial court's order consolidating the two cases. Wolf argues that by consolidating the cases the trial court failed to decide or address her petition she filed in cause number D-206-579.

6

Wolf initially filed two petitions against the Employees, one petition in cause number D-206,579 against Mickens and Verret on November 13, 2020, and one petition in cause number B-206,580 against Pierre on the same date. In May 2021, the Employees filed a joint Plea to the Jurisdiction, Answer, and Motion to Consolidate the cases. In September 2021, the trial court granted the Motion to Consolidate, ordering B-206,580 to be consolidated with D-206,579. In November 2021, Wolf filed an amended petition, the live petition before this Court, under both cause numbers. In the amended petition, Wolf named all three employees in the style of the case and in the body of the petition. At the hearing on the Employees' Plea to the Jurisdiction, Wolf did not object to the consolidation. That same month, the trial court granted the Employees' plea to the jurisdiction, listing both cause numbers in the style of the order. The order was filed under D-206,579. Finally, in December 2021, Wolf filed a motion titled "Plaintiff['s] finding of fact and conclusion of law," which notes in the style of the petition "consolidated in to, Cause; B-206,580, D-206[,]578[.]"

Rule 174 of the Texas Rules of Civil Procedure and Local Civil Rule 6 govern the consolidation of civil cases filed in district courts in Jefferson County. *See* Tex. R. Civ. P. 174(a); Jefferson (Tex.) Civ. Dist. Ct. Loc. R. 6(B), (D). Rule 174(a) provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the

matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Tex. R. Civ. P. 174(a).

Local Rule 6(B) of the Jefferson County local rules provides:

All consolidations of cases shall be into the earliest-filed case, and shall remain pending on the docket of the court in which that case was originally filed. Any and all motions for consolidation shall be heard and decided only by the presiding judge of the court in which the earliest-filed case was filed.

Jefferson (Tex.) Civ. Dist. Ct. Loc. R. 6(B).

Rules involving similar parties and multiple filings are intended to provide a clear rule that avoids quarrels over which court's rulings should be given priority. "The general common law rule in Texas is that the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts." *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974). Generally, if a party calls the pendency of the prior suit to the trial court's attention, the trial court must either abate or dismiss the case. *Id*. If the court presiding over the second-filed case attempts to interfere with the first-filed case, mandamus relief is appropriate "to settle the conflict of jurisdictions." *Id; see also In re SWEPI, L.P*., 85 S.W.3d 800, 809 (Tex. 2002).

In her brief, Wolf addresses this issue in her "Issues presented and summary of the argument[.]" In this section, Wolf simply states there are fact issues regarding whether the trial court addressed the original petition in D-206,579. The record

8

shows the trial court consolidated the two cases months before the final order was entered. Wolf's amended petition was filed after the consolidation of the two cases and she included both cause numbers and all parties listed in the petition. Wolf failed to object to the consolidation of the two cases. Wolf's amended petition filed after the trial court signed the order of consolidation states in the style of the heading that both cause numbers are "consolidated." Finally, it is undisputed that the petitions under D-206,579 and B-206,580 involved "a common question of law or fact." Tex. R. Civ. P. 174(a). Wolf's claims in cause numbers D-206,579 and B-206,580 were consolidated, and her live pleading at the time the trial court granted the Employees' Plea to the Jurisdiction, and on appeal, was Plaintiffs' Amended Original Petition filed on November 3, 2021. Therefore, we overrule Wolf's complaints pertaining to consolidation of the cases. We reject her argument that by consolidating the cases the trial court failed to decide or address her claims filed in cause number D-206-579.

## TTCA

Wolf challenges the trial court's order granting the Employees' Plea to the Jurisdiction under the TTCA alleging "fraud, bribery, harassment[,] and [intentional] infliction of emotional distress." Wolf argues the trial court erred by granting the Employees' Plea to the Jurisdiction under section 101.106(f). Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f). Specifically, Wolf argues that there is a "fact issue"

as to whether the Employees were acting within the scope of their employment in relation to her allegation of "fraud, bribery, harassment[,] and [intentional] infliction of emotional distress." Wolf contends that the Employees' "ultra virus [sic] acts[,]" were "outside the lawful authority of public servant[s]" when the Employees allegedly attempted to solicit bribes from Wolf, defrauded Wolf, and harassed her and her family while denying her a permit.

Sovereign and governmental immunity exist to protect the State and its political subdivisions from lawsuits and liability for money damages. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008); *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002). Without an express waiver of sovereign or governmental immunity, courts do not have subject-matter jurisdiction over suits against the State or its political subdivisions. *See State v. Shumake*, 199 S.W.3d 279, 283 (Tex. 2006); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224-25 (Tex. 2004).

The TTCA provides a limited waiver of immunity and has an election-of-remedies provision that is intended to force a plaintiff at the outset of the plaintiff's suit to determine whether to sue a responsible employee of a governmental unit in the defendant's individual capacity because the defendant is solely liable, or to sue a governmental unit because the employee acted within the scope of his employment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106; *Garza v. Harrison*,

574 S.W.3d 389, 399-400 (Tex. 2019); *Laverie v. Wetherbe*, 517 S.W.3d 748, 752 (Tex. 2017). If a plaintiff sues a public employee in only that employee's official capacity for conduct within the scope of employment, the employee can force the plaintiff to dismiss the suit against the employee and to file an amended petition against the governmental unit, because an official-capacity suit against an employee is merely another way to plead a cause of action against a governmental employer. Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f); *Garza*, 574 S.W.3d at 399-400. Section 101.106(f) states:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f). To be entitled to a dismissal under 101.106(f), the defendant employee must establish (1) he is an employee of a governmental unit, (2) the plaintiff's suit was based on conduct within the scope of the employee's employment with a governmental unit, and (3) the suit could have been brought against the governmental unit under the TTCA. *See id.; Laverie,* 517 S.W.3d at 752. We review a trial court's ruling on a motion to dismiss under section 101.106(f) de novo. *Garza*, 574 S.W.3d at 400.

11

In her brief, Wolf argues that the trial court erred by granting the Employees' Plea to the Jurisdiction because the Employees acted in an ultra vires manner, an exception to governmental immunity found in section 101.106(f). Wolf cites to *City of El Paso v. Heinrich* to support her position, stating it supports her claim that "[a] party can maintain a suit to determine its rights without legislative permission[]" found in section 101.106. 284 S.W.3d 366, 370 (Tex. 2009).

"A suit against a governmental employee in an official capacity is effectively a suit against the employing governmental unit, except in those cases alleging the employee has acted ultra vires." *Garza*, 574 S.W.3d at 399.

> Governmental immunity provides broad protection to the state and its officers, it will not bar a suit against a governmental officer for acting outside his authority—i.e., an ultra vires suit. To qualify under the ultra vires exception, a suit cannot complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act.

*City of Port Arthur v. Thomas*, 659 S.W.3d 96, 110 (Tex. App.—Beaumont 2022, no pet.) (internal citations omitted); *see also Williams v. Valdez*, No. 05-18-00213-CV, 2020 WL 2897181, at *3 (Tex. App.—Dallas June 3, 2020, no pet.) (mem. op).

As this Court has acknowledged, *Heinrich* supports the proposition that ultra vires acts are not subject to governmental immunity, but we noted that the Supreme Court of Texas had clarified *Heinrich* and what it means for a government employee to act outside his official capacity. *City of Willis v. Garcia*, 523 S.W.3d 729, 743

12

(Tex. App.—Beaumont 2017), *aff'd on other grounds,* 593 S.W.3d 201 (Tex. 2019) (citing *Heinrich*, 284 S.W.3d at 372). In *City of Willis*, we explained that ultra vires acts, or acts without authority, are not acts of the State at all, but "[m]ere allegations that an official is not fully complying with regulatory requirements [is] insufficient to invoke the ultra vires exception to the exhaustion requirement." *Id*. at 744.

Wolf argues that her claims of fraud, harassment, and intentional infliction of emotional distress are based on ultra vires acts by the Employees and Wolf seeks exemplary damages from the Employees for conduct that occurred while she was attempting to rehabilitate her commercial property. Wolf's live pleadings at the time of trial do not assert a claim of harassment and intentional infliction of emotional distress, but she does allege that the Employees acted "ultra vires" by seeking to solicit money for a building permit, she mentions fraud, and alleges violations of Article 1, Section 17 of the Texas Constitution. "Our rules provide that amended pleadings and their contents take the place of prior pleadings." *FKM P'ship, Ltd. v. Bd. of Regents of Univ. of Hous. Sys*., 255 S.W.3d 619, 633 (Tex. 2008) (citing Tex. R. Civ. P. 65). "So, causes of action not contained in amended pleadings are effectively dismissed at the time the amended pleading is filed[.]" *See id*. (citation omitted). If any causes of action are in the original and not addressed in the amended petition they are effectively dismissed. *See id*. Consequently, we will address only those claims found in the amended petition in our analysis today.

13

**Ultra Vires**

Wolf's "ultra vires" allegations in her amended petition are that the Employees committed fraud and entered into a conspiracy to solicit a bribe in exchange for regulatory permits for her commercial building. In her amended petition, Wolf seeks monetary damages from the Employees due to alleged ultra vires acts. "Merely asserting legal conclusions or labeling a defendant's actions as 'ultra vires,' 'illegal,' or 'unconstitutional' does not suffice to plead an ultra vires claim[.]" *Williams,* 2020 WL 2897181, at *3; *see also Tex. Dep't of Transp. v. Sunset Transp., Inc.*, 357 S.W.3d 691, 702 (Tex. App.—Austin 2011, no pet.). An ultra vires claim requires proof that the government officer acted without legal authority or failed to perform a purely ministerial act. *Heinrich*, 284 S.W.3d at 371-74. In addition, such claims if successful only allow for prospective injunctive relief, not retrospective monetary relief for alleged harm that results. *Id*. Wolf seeks monetary damages for the loss of her building, not prospective relief. As such, her claims of fraud and civil conspiracy are not actionable as ultra vires acts. *See Johnson v. Cullens*, No. 07-21-00093-CV, 2022 Tex. App LEXIS 1556, at *7 (Tex. App.—Amarillo Mar. 7, 2020, pet. denied (mem. op.) ("Without a valid ultra vires claim against [the county employee], [Appellant] cannot rely on the ultra vires exception to waive governmental immunity.").

## Intentional Torts

### Official Capacity

As we noted above, fraud and civil conspiracy are intentional torts. *See Jaramillo v. City of Tex. City*, No. 01-20-00654-CV, 2022 Tex. App. LEXIS 910, at **10-11 (Tex. App.—Houston [1st Dist.] Feb. 8, 2022, no pet.) (fraud and civil conspiracy are intentional torts); *City of Richardson v. Cannon*, No. 05-18-00181-CV, 2018 Tex. App. LEXIS 9376, at *4 (Tex. App.—Dallas Nov. 16, 2018, no pet.) (mem. op.) ("Fraud is an 'intentional tort.'"); *Agar Corp., Inc., v. Electro Circuits Int'l. LLC.*, 550 S.W.3d 136, 142 (Tex. 2019) (civil conspiracy is an intentional tort). Intentional torts against a government unit or against individual employees in their official capacities are not subject to the TTCA's limited waiver. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2) ("arising out of assault, battery, false imprisonment, or any other intentional tort . . . ."); *Abron v. Obioha*, No. 09-20-00126-CV, 2021 Tex. App. LEXIS 9007, at *7 (Tex. App.—Beaumont Nov. 4, 2021, no pet.) (mem. op.) ("Section 101.106 'bars any action[,]' including an intentional tort[.]"); *Agnew v. Gonzales*, No. 11-19-00249-CV, 2021 Tex. App. LEXIS 6297, at *9 (Tex. App.—Eastland Aug. 5, 2021, no pet.) (mem. op) ("All common law torts, including intentional torts, that are asserted against a governmental unit are subject to the provisions of the TTCA."); *City of Watauga v. Gordon*, 434 S.W.3d 586, 589 (Tex. 2014) (the TTCA's limited waiver does not

apply to intentional torts). Wolf alleged that fraud is not waived by the TTCA. Wolf's claims of fraud and civil conspiracy fail against the Employees in their official capacities. *See Hous. Forensic Sci. Ctr., Inc. v. Barette,* No. 01-19-00129-CV, 2019 Tex. App. LEXIS 9744, at *6 (Tex. App.—Houston [1st Dist.] Nov. 7, 2019, no pet.) (mem. op.) (rejecting an Appellant's ultra vires claim when the claim alleged an intentional tort not waived by the TTCA, and "[Appellant] did not allege any ultra vires acts or any other basis for a waiver of immunity."). Therefore, the Employees continue to possess immunity against these claims to the extent the conduct was performed in their official capacities. *See Franka v. Velasquez,* 332 S.W.3d 367, 379 (Tex. 2011)*; Bangmon v. Jones,* No. 09-22-00221-CV, 2023 Tex. App. LEXIS 4658, at *8 (Tex. App—Beaumont June 29, 2023, no pet.) (mem. op) ("Defendants' actions were intentional torts, and the TTCA does not waive immunity for intentional torts."); *Jarmillo,* 2022 Tex. App. LEXIS 910, at **10-11; *Agnew*, 2021 Tex. App. LEXIS 6297, at *9 ("[A]ll tort claims, including intentional tort claims that are asserted against individual government actors, necessarily 'could have been brought' against the relevant governmental unit, regardless of whether the governmental unit's own immunities might ultimately bar the claim."). As noted by *Jarmillo* and *Agar*, civil conspiracy is not a stand-alone tort and must be supported by an underlying tort. *Jarmillo,* 2022 Tex. App. LEXIS 910, at **10-11*; Agnew,* 2021 Tex. App. LEXIS 6297, at **8-9. Here, any claims of intentional torts against

16

the individual employees in their official capacity that could have been brought against the government unit are barred.

**Individual Capacity**

To the extent Plaintiff's amended petition also asserts a claim against the Employees in their individual capacity, we must still examine whether the trial court erred when it granted the Employees' plea to the jurisdiction for Wolf's claims of fraud and civil conspiracy against the Employees in their individual capacities.

A government employee is entitled to dismissal if the suit could have been brought against the governmental unit. Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f). The phrase "under this chapter" includes suits for which immunity is not waived. *Franka,* 332 S.W.3d at 379. But an employee is always individually liable for torts even if committed during the course of employment, in his individual capacity. *Id*. Intentional torts may be within the scope of employment if "the course of conduct in which the tort occurred is within the scope of employment." Restatement (Third) of Agency § 7.07 cmt. c (Am. L. Inst. 2006). The current version of section 101.106 protects employees in their individual capacities. *See Franka*, 332 S.W.3d at 381 ("This construction of section 101.106(f) does, however, foreclose suit against a government employee in his individual capacity if he was acting within the scope of employment."). If an employee commits a tort while performing work assigned by the employer or while acting within the scope of his

17

employer's control, the employee's conduct is within the scope of employment unless the employee was engaged in an independent course of conduct not intended to further any purpose of the employer. *See Mason v. Wood*, No. 09-12-00246-CV, 2013 Tex. App. LEXIS 2692, *7 (Tex. App.—Beaumont March 14, 2013, no pet.) (citing Restatement (Third) of Agency § 7.07 cmt. b (Am. L. Inst. 2006).

In this case, Wolf alleged the Employees committed fraud and civil conspiracy in refusing to issue permits for her commercial property and by attempting to solicit a bribe. There is no evidence in the record before us showing that the City of Port Arthur approved or directed its Employees to solicit a $25,000 payment for the permit in question nor is there evidence showing this payment was intended to further the purpose of the Employees' employer, i.e. the City of Port Arthur. While the alleged conversations may be disputed and the Employees may later seek summary judgments or dismissals by other avenues, the allegations against the Employees in their individual capacity acting outside the scope of their authority would not be barred by governmental immunity. Therefore, the trial court erred by granting the Employees' plea to the jurisdiction, in their individual capacities, as the TTCA does not waive liability for intentional torts alleged against employees in their individual capacities. *Franka*, 332 S.W.3d at 383 ("[P]ublic employees (like agents generally[)] have always been individually liable for their own torts, even when

committed in the course of employment, and suit may be brought against a government employee in his individual capacity.").

We affirm the trial court's granting of the employees' plea to the jurisdiction under the TTCA for any claims of intentional torts against the individual employees in their official capacity for conduct within the general scope of the employee's employment. However, we reverse and remand the trial court's granting of the employees' plea to the jurisdiction under the TTCA for Wolf's claim that the Employees committed fraud and civil conspiracy in refusing to issue permits for her commercial property and by allegedly attempting to solicit a bribe.

**Texas Constitution, Article 1, Section 17**

Next, we address Wolf's contention that the Employees violated Article 1, section 17 of the Texas Constitution because their actions consisted of an unlawful taking of her property when the City of Port Arthur condemned and demolished her building.

In Wolf's amended petition, she alleges the following regarding her constitutional takings claim: "Defendants' actions were a proximate or producing cause of actual damages to Plaintiffs in the sum of over one million dollars. These actions also resulted in an unlawful taking of Plaintiffs' property in violation of Article I, Section 17 of the Texas Constitution."

19

Wolf does not allege whether her takings claim is against the Employees individually or in their official capacity, nor does she provide any allegations in her pleadings that this is an ultra vires claim. Our decision in Wolf's prior case against the City of Port Arthur in which she makes the same allegations against the City of Port Arthur controls this analysis. *See Wolf v. City of Port Arthur*, No. 09-20-00236-CV, 2022 WL 2068819, at *3 (Tex. App.—Beaumont June 9, 2022, pet. denied) (mem. op.). In *Wolf I*, we held that Wolf's claims under article I, section 17 fail because she did not pursue a direct appeal from the city's administrative decision to demolish her building. *Id*. Similarly, any claims that Wolf had against the Employees for this allegation should have been pursued in a direct appeal from her administrative hearing.[3] *Id*. We overrule this issue.

## Remaining Issues

In her remaining issues, Wolf outlines several allegations against the Employees, including their failure to provide permits, failure to give direction on

---

[3] Wolf also alleges in her brief that there is "a fact issue that [the] lawsuit against the city employees it doesn't control by government rules 214.0012 [] have 30 days limitation to be filed with the [] District Court that which is the [W]olf family timely filed their lawsuit against [M]ickens, and Deborah [Verret]." We find this argument somewhat confusing as stated in Wolf's brief. That said, we addressed the merits of a similarly stated issue in *Wolf I*. *See Wolf,* 2022 WL 2068819, at *3. In *Wolf I*, we held that Wolf was jurisdictionally barred from pursuing any claims against the City of Port Arthur because she did not pursue a direct appeal after her administrative hearing and decision by the City's administrative determination to demolish her building. *Id*.

how to "fix the building from the inside and outside[,]" and failure to send her notice by certified mail of the Board of Construction Adjustment and Appeal hearing, as well as violations of the restraining order Wolf obtained to stop the demolition of her building.

These allegations or complaints do not assert separate causes of action and were not part of Wolf's amended petition. Any claims outside of the amended petition are beyond our scope of review. *See Hudspeth Cnty. v. Ramirez*, 657 S.W.3d 103, 109 n.5 (Tex. App.—El Paso 2022, no pet.) (quoting *Matzen v. McLane*, 604 S.W.3d 91, 100 (Tex. App.—Austin 2020), aff'd in part, rev'd in part, No. 20-0523, 2021 WL 5977218 (Tex. Dec. 17, 2021) ("When a party files an amended pleading after a hearing has been held on the plea but before the trial court's ruling, and the court's order reflects that it reviewed the parties' pleadings, the amended pleadings are considered the live pleadings before the trial court when it ruled on the plea."). Wolf also did not raise these contentions in the lower court, so she may not do so for the first time on appeal. *See FKM P'ship, Ltd.,* 255 S.W.3d at 633; Tex. R. App. P 33.1(a)(1)(A). For the reasons explained above, we overrule Wolf's remaining issues.

**Conclusion**

As discussed more fully above: (1) we overrule Wolf's complaint about the consolidation of the cases; (2) we affirm the trial court's granting of the employees'

plea to the jurisdiction under the TTCA for any intentional torts against the individual employees in their official capacity for conduct within the general scope of the employee's employment; (3) we reverse and remand the trial court's granting of the employees' plea to the jurisdiction under the TTCA for Wolf's claim that the Employees committed fraud and civil conspiracy in refusing to issue permits for her commercial property and by allegedly attempting to solicit a bribe to the extent these claims are made against the Employees in their individual capacity for conduct outside the general scope of the employee's employment; (4) we overrule Wolf's issue that the actions by the Employees resulted in an unlawful taking of Plaintiffs' property in violation of Article 1, section 17 of the Texas Constitution; and (5) we overrule Wolf's remaining issues, because those claims were not contained in her amended live pleading in the trial court, and were not preserved for our review on appeal. Therefore, we affirm in part and reverse and remand in part Wolf's issues on appeal consistent with this opinion.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.


JAY WRIGHT
Justice

Submitted on August 17, 2023
Opinion Delivered August 29, 2024

Before Golemon, C.J., Wright and Chambers, JJ.

22